Floyd Lee **ROBERSON**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent.

No. 22188.

Missouri Court of Appeals, Southern District, Division One.

Feb. 18, 1999.

---

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Movant/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Hawley, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

This is the appeal of a judgment denying a Rule 29.15 motion. Floyd Lee Roberson (movant) was convicted, as a prior and persistent drug offender, of trafficking drugs in the second degree. §§ 195.223.3(2) and 195.275.1.[1] *See State v. Roberson*, 941 S.W.2d 7 (Mo.App.1997). He filed a *pro se* motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied following an evidentiary hearing. This court affirms.

Movant's amended Rule 29.15 motion asserts, among other things, that he was denied effective assistance of counsel. Paragraph 9(B) alleges:

Appellate counsel was ineffective for failing to brief the point that movant was erroneously sentenced as a persistent drug offender pursuant to section 195.275 because the state did not prove that movant was convicted of two felonies committed at different times. Appellate counsel's failure prejudiced movant because as a persistent drug offender, movant is not eligible for parole under section 195.295....

The motion court found:

Section 558.016.3 defines a "persistent offender" as "... one who has pleaded guilty to or has been found guilty of two or more felonies **committed at different times.**" [Emphasis added by motion court.] A persistent (and prior) offender is sentenced by the court, and punishment is not assessed by the jury.

Section 195.275.1(2) defines a "persistent drug offender" as one who has previously pleaded guilty to or has been found guilty of two or more felony offenses of this state or of the United States, or any other state, territory or district relating to controlled substances. There is no requirement that

the offenses must have been committed at different times.

Section 195.295.3 provides that a person convicted of trafficking drugs, second degree, in violation of subdivision (2) of subsection 3 of Section 195.223, who is at least a prior drug offender shall be sentenced to a term which shall be without probation or parole.

It is significant that Section 558.016 requires that the felonies have been committed at different times, and Section 195.275 does not so require. The absence of that requirement leads to the conclusion that it is not necessary that the prior drug felonies were committed at different times.

The motion court concluded with respect to the foregoing:

As to subparagraph 9.B, the conclusions of law recited above show that briefing of this point by appellate counsel would have been fruitless. There was no failure on the part of appellate counsel in this respect; and there being no prejudice to movant he is not entitled to relief.

Movant asserts on appeal that the motion court erred in denying his Rule 29.15 motion because his appellate counsel was ineffective for failing to raise the issue of whether the state properly proved movant was a prior and persistent offender; that he was prejudiced because by being sentenced as a persistent offender, he was ineligible for parole under § 195.275.

■ Appellate review of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *State v. Gilpin*, 954 S.W.2d 570, 575 (Mo.App.1997).

■ The motion court determined that § 195.275.1 does not require prior drug offenses to have been committed at different times in order to permit a finding that a defendant in a criminal case is a persistent

---

1. References to statutes are to RSMo 1994.

drug offender. This determination is consistent with the requirement that words in statutes are construed in their "plain or ordinary and usual sense." § 1.090. *See State v. Becker,* 938 S.W.2d 267, 269 (Mo. banc 1997). "The Legislature is conclusively presumed to have intended what it plainly and unambiguously said. If the statute so written needs alteration, it is for the Legislature, and not the court, to make it." *Crevisour v. Hendrix,* 234 Mo.App. 1012, 136 S.W.2d 404, 412 (1939). The motion court's findings and conclusions are not clearly erroneous. The judgment denying movant's Rule 29.15 motion is affirmed.

PREWITT, P.J., and CROW, J., concur.