Gary Lee WEEKLEY, Movant–
Appellant,

v.

STATE of Missouri, Respondent.

No. 26409.

Missouri Court of Appeals,
Southern District,
Division Two.

June 1, 2005.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn L. Naccarato, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Gary Lee Weekley (movant) was convicted, following a jury trial, of the class C felony of receiving stolen property. § 570.080.[1] *See State v. Weekley,* 92 S.W.3d 327 (Mo.App.2002). He was charged as, found to be, and sentenced as a persistent offender. § 558.016.3. Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. An evidentiary hearing was held, after which the motion court entered findings of fact and conclusions of law and denied the motion. Movant appeals the denial of his Rule 29.15 motion. This court affirms.

Movant contends he received ineffective assistance of counsel at trial in his criminal case and in the direct appeal of that case. He claims his trial counsel rendered ineffective assistance because he failed to call Kim Poole as a witness and failed to have an expert witness who testified about the value of the water heater that was the subject of the trial examine the water heater. Movant claims his appellate counsel was ineffective because he did not assert on appeal that the evidence was not sufficient to establish that movant knew or believed the water heater he sold was stolen.

Section 570.080 provides, as applicable to movant's case:

1. A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

. . .

3. Receiving stolen property is a class A misdemeanor unless the property involved has a value of one hundred fifty dollars or more, or the person receiving the property is a dealer in goods of the type in question, in which cases receiving stolen property is a class C felony.

The opinion in movant's direct appeal sets forth the facts that resulted in his criminal charge and conviction. Facts applicable to the issues raised in this appeal are stated in the discussion that follows of the points movant asserts regarding the denial of his Rule 29.15 motion.

Appellate review of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *State v. Gilpin,* 954 S.W.2d 570, 575 (Mo.App.1997).

*Roberson v. State,* 989 S.W.2d 192, 193 (Mo.App.1999).

Movant's first point argues that the motion court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel in the direct

---

1. References to statutes are to RSMo 1994.

appeal of his criminal case in that his appellate counsel failed to assert that there was insufficient evidence to support movant's conviction for the offense of receiving stolen property. Movant argues that the evidence at trial was not sufficient to establish he knew or believed the water heater that was the subject of the criminal case had been stolen; that had this issue been raised in the direct appeal his conviction would have been reversed.

The motion court found:

> In Movant's Motion, Movant alleged ... that he received ineffective assistance of counsel due to appellate counsel failing to assert on direct appeal that the evidence was insufficient to support Movant's conviction in that no evidence was presented to prove that Movant knew or believed the water heater had been stolen. In order to support a claim of ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it. *Moss v. State*, 10 S.W.3d 508 (Mo.banc [20]00). This is clearly not the case and Movant is grasping at straws.

In *Hutchison v. State*, 150 S.W.3d 292 (Mo. banc 2004), the court held:

> To support a claim of ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that a competent and effective appellate lawyer would have recognized and asserted it.

*Id.* at 303.

Evidence at trial included that in October 2000, movant possessed a water heater that was the basis of his being charged with receiving stolen property. Movant sold the water heater to John and Vauda Lineberry for $40. Movant told the Lineberrys the water heater was from movant's old trailer house. Mr. and Mrs. Lineberry contacted the sheriff's office to determine if the water heater was stolen property. They learned that on July 31, 2000, the water heater had been discovered missing from a cabin that belonged to Eugene Holloway and Robert Coon, Jr.

▪ Because direct evidence that a defendant knew or believed property was stolen is seldom available, the state normally is forced to rely on circumstantial evidence to prove a defendant had knowledge that the property was stolen. *See State v. Langdon*, 110 S.W.3d 807, 813 (Mo. banc 2003). Evidence of unexplained possession of recently stolen property is a "circumstance that the jury is entitled to consider together with the other facts and circumstances in the case." *State v. Gardner*, 741 S.W.2d 1, 9 (Mo. banc 1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988).

In addition to possessing the water heater, movant was deceptive about its origin and sold the water heater for a price below its market value. The motion court found that appellate counsel was not ineffective in failing to assert on appeal that the evidence was not sufficient to support a finding that movant knew or believed the water heater had been stolen. The motion court concluded that a competent and effective appellate lawyer would not have determined that such a claim would require reversal on appeal. That finding is not clearly erroneous. Point I is denied.

Points II and III are claims of ineffective assistance of trial counsel. Point II complains that movant's trial counsel was ineffective because he failed to call Kim

Poole as a witness for movant at the trial of movant's criminal case. Point III argues that trial counsel was ineffective in not having defense expert witness, Charles Fiske, examine the water heater prior to trial of the criminal case "so that he could make a credible determination of its value."

To prevail on his claim of ineffective assistance of counsel, movant must have proven, by a preponderance of evidence, that his trial counsel's performance was deficient and that the deficient performance prejudiced the outcome in his case (as opposed to showing the deficient performance had some conceivable effect on the outcome). *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, [738 S.W.2d 856, 857 (Mo.banc 1987)], (emphasis in original). However, a court need not determine the performance component of the test before examining for prejudice. *Id.; State v. Woods*, 861 S.W.2d 326, 333 (Mo.App.1993). . . .

*Reece v. State*, 891 S.W.2d 863, 866 (Mo. App.1995).

▇ Movant's trial counsel testified at the evidentiary hearing on movant's Rule 29.15 motion. He stated that the decision not to call Ms. Poole was a strategy decision on his part. Movant's trial counsel concluded that Ms. Poole would not be a credible witness.[2] Movant's trial counsel was asked if the decision not to call Ms. Poole was "based on the fact that she had an SIS on a felony conviction that she

completed probation on and a misdemeanor DWI[.]" He answered that after investigation, he did not call her "because of her convictions and some other reasons at the time" that he did not recall.

The motion court found:

In Movant's motion, Movant alleged ... that he received ineffective assistance of counsel due to trial counsel's failure to investigate and call as a witness at trial Kim Poole, Movant's former wife, who had prior criminal convictions. Movant presented no credible evidence that he directed trial counsel to call Kim Poole as a witness. Trial counsel testified that he did not believe Kim Poole to be a credible witness and as a matter of trial strategy, elected not to call her as a witness upon consultation with Movant. Trial counsel's failure to call Kim Poole as a witness at trial appears to the Court to have been the exercise of sound legal reasoning and strategy. It is well settled that the decision not to call a witness, the testimony of whom counsel believes would not unqualifiedly support defense, is virtually unchallengeable on a claim of ineffective assistance of counsel. *Matt v. State*, 992 S.W.2d 269 [ (Mo.App. 1999) ].

▇ "The selection of witnesses and the introduction of evidence are questions of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). There was no showing that movant's trial counsel's decision not to call Ms. Poole was anything but trial strategy. Absent such a showing, a decision not to call a witness will not support overturning a

---

2. Movant contends on appeal that Ms. Poole would have testified that he purchased the water heater from her stepson. Ms. Poole testified at the evidentiary hearing. She said she did not witness the purchase movant contended he made, but would have testified that she helped prepare a receipt for the sale; that she saw the receipt after the transaction was completed.

conviction on the basis of ineffective assistance of counsel. *State v. Walden,* 861 S.W.2d 182, 186 (Mo.App.1993). The motion court's finding with regard to trial counsel's decision not to call Kim Poole as a witness at movant's trial was not clearly erroneous. Point II is denied.

■ The state presented trial testimony of three witnesses regarding the value of the water heater. Robert Coon, Jr., one of the owners of the cabin from which the water heater had been taken, estimated the value of the water heater was $200. Another owner of the cabin, Eugene Holloway, testified the value of the water heater was $182.

Greg Peters was the third witness the state called to testify about the value of the water heater. Peters was an owner of Peters Supply Company in Marble Hill, Missouri. He testified that his company provided heating and air conditioning services, plumbing fixtures, and plumbing repair. He sold and installed the water heater at the cabin owned by Mr. Coon and Mr. Holloway. He testified that the sales price of the water heater was $183 when it was installed; that the price was sold "at a highly discounted price" because it was sold with other equipment. He estimated its value when movant sold it to have been in the range of $160. He was asked if, in his opinion, the water heater was worth more than $150 "the date that it was recovered." He answered that it was.

Charles Raymond Fiske testified at trial on behalf of movant. He stated that he was a plumbing contractor. Mr. Fiske testified that if he were going to sell a two-year old water heater, the same brand as the one in question, he would "sell it for about $50.00." He testified that $40 would not be an unreasonable price for that type of water heater that was two years old. On cross-examination, Mr. Fiske stated he had not looked at the particular water heater that was the subject of the trial.

The motion court found:

In Movant's Motion, Movant alleged ... that he received ineffective assistance of counsel due to trial counsel's failure to show the actual water heater in question to defense expert Charles Fiske before trial so he could make a credible determination of its value. All estimates of value of the water heater exceeded $150.00 with the exception of the value appraisal of defense expert Charles Fiske. Mr. Fiske testified as to value based on prevailing market value for a used water heater. The State established value through opinion testimony of two of the owners and the expert testimony of Greg Peters, all of whom had observed the water heater. It is possible that Mr. Fiske would not have been able to give sworn testimony that he estimated the value of the water heater as $40.00 if he had actually viewed it. This is particularly true in consideration of the fact that there was testimony concerning add-ons to the water heater such as "sand frogs" which certainly increased its value.

Movant's trial counsel testified at the evidentiary hearing that he had not shown the water heater to Mr. Fiske before the trial because he did not believe there was any need to do so. He recalled that the matter of Fiske having not examined the water heater was addressed at trial in the state's closing argument but did not recall what was discussed.

In order to find that movant's trial counsel was ineffective in not having movant's expert witness look at the water heater that was the subject of the trial for purposes of determining its value, this court would have to find that had the witness examined the water heater, the outcome of the criminal case would have been differ-

ent. This court does not find a basis in the record before it for such a determination.

Appellate courts do not weigh the evidence of cases before them on appeal. *Clark v. Quality Dairy Co.*, 400 S.W.2d 78, 80 (Mo.1966). The jury in the trial court had sufficient evidence to determine the value of the water heater. There is no indication that Mr. Fiske's estimate of the value of the water heater would have been different from that which he gave at trial.

The motion court concluded that movant's trial attorney's decision that there was no reason to show the water heater to Mr. Fiske prior to Mr. Fiske's testimony was not ineffective assistance. The motion court's findings were not clearly erroneous in that regard. This court is not left with a definite and firm impression that a mistake was made. *See Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). Point III is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

BATES, C.J., and SHRUM, J., concur.