

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | )    **WD76085** |
| v. | ) |
| | )    **OPINION FILED:** |
| | )    **July 1, 2014** |
| JASON LINDELL CHAMBERS, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Buchanan County, Missouri**
**The Honorable Patrick K. Robb, Judge**

**Before Special Division:** Mark D. Pfeiffer, Presiding Judge,
Gary D. Witt, Judge, and Zel M. Fischer, Special Judge

Jason L. Chambers ("Chambers") appeals the judgment of the Circuit Court of Buchanan

County, Missouri ("trial court"), finding him guilty, following a bench trial, of possession of a

controlled substance, § 195.202.[1] Chambers does not challenge the sufficiency of the evidence

related to the present conviction; instead, Chambers argues that the trial court erred in sentencing

him as a persistent drug offender. We affirm.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2010 Cumulative Supplement.

**Factual and Procedural Background**

On November 20, 2012, a bench trial was conducted and Chambers was found guilty of felony possession of a controlled substance, § 195.202, relating to events that transpired on February 15, 2011.  Immediately prior to the trial on November 20, 2012, the trial court conducted a hearing in which the State proffered (1) its second amended information[2] dated November 15, 2012, in which Chambers was charged as a persistent drug offender and (2) evidence confirming that Chambers had been convicted on March 15, 2004, of the felony of delivery of a controlled substance, § 195.211, and that Chambers had been convicted on June 28, 2011, of the felony of possession of a controlled substance, § 195.202.  The trial court concluded that the State had met its burden of proving that Chambers was a persistent drug offender.[3]  And, after the bench trial and guilty verdict, the trial court sentenced Chambers as such, sentencing him to a twelve-year term of imprisonment.

Chambers appeals the trial court's determination that he was a persistent offender.

---

[2] Rule 23.08 provides, in pertinent part, and subject to certain objections from the defendant:  "Any information may be amended or an information may be substituted for an indictment at any time before verdict or finding . . . ."  Here, Chambers did not object to the form or timing of the second amended information being filed five days before trial; nor did Chambers object that he lacked sufficient time to prepare a defense by reason of such amendment or substitution.  Instead, Chambers objected to the substance of the second amended information as to the charge of persistent offender status for the same reasons he complains of on appeal.

[3] "Section 558.021 establishes the procedure required for determining whether a defendant is a prior and persistent offender *and* for determining whether a defendant is a prior and persistent drug offender."  *State v. Taylor*, 373 S.W.3d 513, 526 (Mo. App. E.D. 2012).  Pursuant to section 558.021.1, the trial court shall find the defendant to be a persistent offender if:

> 1) the State pleads in the indictment or information, original or amended, or in the information in lieu of indictment, all essential facts warranting a finding that the defendant is a prior and persistent offender; 2) the State introduces sufficient evidence to warrant a finding that the defendant is a prior and persistent offender; and 3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender.

*Taylor*, 373 S.W.3d at 526 (internal quotation omitted).

**Standard of Review**

Chambers contends that section 195.275 is ambiguous as to whether a conviction that occurs *after* the date the charged offense was committed—but *before* a bench trial verdict—may be used to enhance the sentence of the charged drug offense. Chambers's claim requires us to interpret section 195.275. "Statutory interpretation is a question of law that we review *de novo*." *State v. Moad*, 398 S.W.3d 904, 905 (Mo. App. W.D. 2013).

**Analysis**

In his sole point on appeal, Chambers argues that the trial court erred in sentencing him as a persistent drug offender because the State failed to prove that he had "previously" been convicted of two prior felony drug offenses as the drug sentencing enhancement statute required. Chambers does not contest that he was convicted of felony delivery of a controlled substance in March 2004 and felony possession of a controlled substance in June 2011. However, he argues that the *June* 2011 conviction cannot be used to enhance his present conviction since the present conviction related to acts that occurred in *February* 2011, four months *before* his June 2011 conviction.[4] The State counters that any convictions that have occurred "previous" to the trial court's determination of persistent offender status may be considered by the trial court for drug sentence enhancement purposes. Here, the State argues, both prior drug convictions occurred previous to the trial court's sentence enhancement determination in November 2012, so the trial court properly considered both previous convictions.

---

[4] We note, however, that Chambers's June 2011 conviction related to an offense which he committed in December 2010, some six weeks prior to committing the crime charged in this case. We therefore need not and do not decide in our ruling today whether section 195.275 permits the consideration of convictions which are based on conduct which occurred after the present charged offense.

3

The trial court found Chambers guilty of the class C felony of possession of a controlled substance, § 195.202.[5]  Upon such guilty finding, the defendant "shall be sentenced to the authorized term of imprisonment for a class A felony if [the court] finds the defendant is a *persistent drug offender*."  § 195.285.2 (emphasis added).

Key to this case are the differences in the general recidivism statute, § 558.016, and the prior and persistent drug offender statute, § 195.275.

For example, the general recidivism statute defines the recidivists as "prior offender," "persistent offender," "dangerous offender," and "persistent misdemeanor offender," § 558.016.2-5, whereas the prior and persistent drug offender statute defines the recidivists as "prior *drug* offender" and "persistent *drug* offender," § 195.275.1(1)-(2) (emphasis added). Likewise, the two statutes treat the differently defined repeat offenders differently.

In the general recidivism statute, "persistent offender" is defined as "one who has pleaded guilty to or has been found guilty of two or more felonies *committed at different times*." § 558.016.3 (emphasis added).  Conversely, a "persistent drug offender" is defined as "one who has previously pleaded guilty to or has been found guilty of two or more felony offenses of the laws of this state or of the United States, or any other state, territory or district relating to controlled substances." § 195.275.1(2).  Conspicuously absent from the persistent *drug* offender definition is any requirement that the previous felony drug offenses be committed *at different times*.  In *Roberson v. State*, 989 S.W.2d 192 (Mo. App. S.D. 1999), the court found that this was a distinction with a difference and concluded that the separate definition for persistent *drug*

---

[5] Section 195.202 provides in pertinent part:

1.  Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.
2.  Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana or any synthetic cannabinoid is guilty of a class C felony.

(Footnote omitted.)

offenders did *not* require that the previous drug offenses be committed at different times in order for the trial court to make a persistent drug offender determination. *Id.* at 193-94.

Likewise, the general recidivist statute contains a provision stating that "[t]he pleas or findings of guilty shall be *prior* to the *date of commission* of the present offense." § 558.016.6 (emphasis added). First, we note that subsection 6 of section 558.016 is describing "pleas or findings of guilty" as it relates to the immediately prior defined terms in section 558.016, to-wit: "prior offender," "persistent offender," "dangerous offender," and "persistent misdemeanor offender." The defined terms "prior drug offender" and "persistent drug offender" are *not* found in section 558.016 and, hence, this statutory section is not elaborating on those defined terms. Second, the repeat drug offender statute, § 195.275, has no similar requirement that the "pleas or findings of guilty" of "prior drug offender" or "persistent drug offender" shall have been committed prior to the date of commission of the present drug offense. Much like the court in *Roberson*, we conceive of no authority to write such additional requirements into the repeat drug offender statute. Had the legislature intended for such additional requirements to have been in section 195.275, they would have delineated those requirements. "The Legislature is conclusively presumed to have intended what it plainly and unambiguously said. If the statute so written needs alteration, it is for the Legislature, and not the court, to make it." *Roberson*, 989 S.W.2d at 194 (internal citation omitted).

Chambers claims that the plain language of section 195.275.1(2) is ambiguous because the phrase "previously pleaded guilty to" could mean previous to the charged crime rather than previous to sentencing for the charged offense. He advocates that we apply the rule of lenity to resolve the statutory ambiguity in his favor. "[T]he rule of lenity mandates that all ambiguity [in a criminal statute] be resolved in a defendant's favor." *State v. Rodgers*, 396 S.W.3d 398, 403

5

(Mo. App. W.D. 2013) (internal quotation omitted). "But the rule of lenity applies to interpretation of statutes only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what the legislature intended." *State v. Liberty*, 370 S.W.3d 537, 547 (Mo. banc 2012) (internal quotation and citation omitted). The rule of lenity does not apply in this case as "this is not a case of guesswork reaching out for lenity." *United States v. Wells*, 519 U.S. 482, 499, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997).

"In interpreting a statute, we are to ascertain the intent of the legislature from the language used and give effect to that intent, if possible." *State v. Lewis*, 188 S.W.3d 483, 486 (Mo. App. W.D. 2006). "In ascertaining the intent of the legislature, we are to give the language used its plain and ordinary meaning." *Id.* at 486-87. "Where the statutory language is unambiguous, we need not resort to statutory construction and must give effect to the statute as written." *State v. Barraza*, 238 S.W.3d 187, 192 (Mo. App. W.D. 2007) (internal quotation omitted). We conclude that section 195.275's lack of similar limiting language found in section 558.016.6 as to the timing of the prior offenses plainly and clearly indicates that the legislature did not intend section 195.275 to have the same limitation. Instead, the legislature intended that all felony drug convictions previous to the trial court's persistent offender status determination may be considered by the trial court to enhance punishment under the drug enhancement statutes. This interpretation is consistent with Rule 23.08 which, subject to certain limitations not applicable here, permits the State to amend its information at any time before verdict and with section 558.021.3, which dictates that in the procedural posture of a bench trial, the trial court "may defer the proof and findings of [persistent drug offender status] to a later time, but prior to sentencing." Here, the State amended its information five days before defendant's guilty verdict to include a charge of persistent offender status and, immediately prior to defendant's guilty

6

verdict and sentencing five days later, the trial court considered the State's then existing proof supporting its second amended information as to persistent offender status. Pursuant to Rule 23.08, section 558.021.3, and section 195.275, the trial court's actions were authorized.

**Conclusion**

Because the trial court did not err in sentencing Chambers as a persistent drug offender, we affirm the trial court's judgment.

_____
Mark D. Pfeiffer, Presiding Judge

Gary D. Witt, Judge, and Zel M. Fischer, Special Judge, concur.