

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Appellant, | ) |
| | )  **WD78695** |
| v. | ) |
| | )  **OPINION FILED:** |
| | )  **August 16, 2016** |
| JOHN THOMAS LARSEN, | ) |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jeffrey C. Keal, Judge**

**Before Special Division:** Zel M. Fischer, Special Judge, Presiding,
Mark D. Pfeiffer, Chief Judge, and Gary D. Witt, Judge

John T. Larsen ("Larsen") was charged with the class D felony of driving while intoxicated ("DWI") as a persistent offender after he had previously pled guilty to a municipal DWI ordinance violation which arose from the same incident. The Circuit Court of Jackson County, Missouri ("circuit court"), dismissed the felony DWI charge on double jeopardy grounds and the State has appealed. We affirm.

## Factual and Procedural Background

On June 28, 2014, John Larsen was arrested for DWI in Greenwood, Missouri. He was charged with violating a municipal DWI ordinance in the City of Greenwood Municipal Court

and pleaded guilty to that charge on October 7, 2014. The judge presiding in the Greenwood municipal division of the circuit court entered judgment against Larsen the same day.

On October 23, 2014, the Jackson County Prosecutor sought to prosecute Larsen for the class D felony of driving while intoxicated as a persistent offender,[1] said charge arising from the same incident as the municipal ordinance violation and resulting October 7, 2014 judgment.

Larsen's attorney filed a motion to dismiss the felony DWI charge, asserting double jeopardy protection. *See State v. M.L.S.*, 275 S.W.3d 293, 296 (Mo. App. W.D. 2008) ("The Double Jeopardy Clause prevents a criminal defendant from being subjected to multiple punishments for the same offense." (internal quotation omitted)). The circuit court agreed and dismissed the case, stating:

> [Larsen] has already pleaded guilty in the City of Greenwood Municipal Court for driving while intoxicated stemming from events on June 28, 2014. As any new charge related to these same events would violate [Larsen's] protection from "Double Jeopardy" afforded to him by the 5th and 14th Amendments of the United States Constitution and Article 1 §19 of the Missouri Constitution, the case brought by the State of Missouri (1416-CR03682) against [Larsen] is hereby **DISMISSED**.

The State has filed this timely appeal.

### Standard of Review

"Whether a defendant is afforded the protections of the Double Jeopardy Clause is a question of law, which we review *de novo.*" *M.L.S.*, 275 S.W.3d at 296.

### Analysis

In the State's point on appeal, it argues that the Greenwood municipal division of the circuit court lacked subject matter jurisdiction[2] and its judgment is a nullity; thus, the State argues that the present felony DWI charge is not barred under principles of double jeopardy

---

[1] There is no dispute that Larsen had, in fact, previously been convicted, found guilty, or pled guilty to two or more previous intoxication-related traffic offenses.

[2] The State does not contest that said municipal division of the circuit court possessed personal jurisdiction.

analysis. However, the State's subject matter jurisdiction argument is nothing more than a "jurisdictional competence" argument that our Missouri Supreme Court has previously rejected. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009).

In *Webb*, our Supreme Court succinctly explained that the subject matter jurisdiction of Missouri's courts is dictated by article V of the Missouri Constitution. *Id.* at 253. For example, in *Webb*, the court in question was a circuit court; thus, our Supreme Court evaluated that judge's subject matter jurisdiction under article V, section 14 (the provision governing circuit judge jurisdiction). *Id.* at 253-54. In footnote 7, the Supreme Court referred to the subject matter jurisdiction of associate circuit court judges under article V, section 17 (the provision governing associate circuit judge jurisdiction). *Id.* at 254 n.7. Here, the question presented is: What subject matter jurisdiction does a judge have in the municipal division of the circuit court? The answer is found in article V, section 23: "A municipal judge shall hear and determine violations of municipal ordinances in one or more municipalities."

Following the dictate of *Webb*, then, the only question that need be decided here is whether the judge who was presiding in the Greenwood municipal division was hearing and determining a violation of a municipal ordinance when the court entered judgment against Larsen on October 7, 2014. Clearly, that is precisely what happened: as a result of the June 28, 2014 drunk driving incident, Larsen was charged with violating a Greenwood municipal ordinance prohibiting DWI. A judge from the Greenwood municipal division of the circuit court heard and determined the violation of said municipal ordinance and, accordingly, that judge possessed subject matter jurisdiction to enter judgment on Larsen's municipal DWI charge.

What the State is really arguing in this appeal is that section 479.170[3] constitutes a statutory restriction upon the authority of the municipal division of the circuit court to render a judgment in this particular case. In pre-*Webb* nomenclature, Missouri's appellate courts referred to such an argument as one of "jurisdictional competence."

> In evaluating the jurisdiction of circuit courts, there are cases that, in *dicta*, purport to recognize a third concept, "jurisdictional competence," which often is confused with subject matter jurisdiction. . . . [T]hese cases generally concern situations in which there is no question as to the court's authority to decide the general issue before it, but there is a question whether the issue or parties affected by the court's judgment are properly before it for resolution at that time. . . . [T]hese cases do not question the court's subject matter or personal jurisdiction and really go to the court's authority to render a particular judgment in a particular case.
>
> . . . .
>
> [T]here is no constitutional basis for this third jurisdictional concept . . . . Elevating statutory restrictions to matters of "jurisdictional competence" erodes the constitutional boundary established by article V of the Missouri Constitution, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides. If "jurisdictional competence" is recognized as a distinct concept under which a statute can restrict subject matter jurisdiction, the term creates a temptation for litigants to label every statutory restriction on claims for relief as a matter of jurisdictional competence. Accordingly, having fully considered the potential ill effects of recognizing a separate jurisdictional basis called jurisdictional competence, the courts of this state should confine their discussions of . . . jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction; there is no third category of jurisdiction called "jurisdictional competence."

*Webb*, 275 S.W.3d at 254 (numerous internal citations and quotations omitted).

---

[3] All statutory references are to RSMo 2010, Cum. Supp. 2013 unless otherwise indicated. Section 479.170 provides:

> 1. If . . . it shall appear to the judge that the accused ought to be put upon trial for an offense against the criminal laws of the state and not cognizable before him as municipal judge, he shall immediately stop all further proceedings before him as municipal judge and cause the complaint to be made before some associate circuit judge within the county.
> 2. For purposes of this section, any offense involving the operation of a motor vehicle in an intoxicated condition . . . shall not be cognizable in municipal court, if the defendant has been convicted, found guilty, or pled guilty to two or more previous intoxication-related traffic offenses . . . .

Here, the State does not contest that municipal divisions of the circuit courts generally possess the subject matter jurisdiction to hear and determine municipal ordinance violations as dictated by article V of the Missouri Constitution. Instead, what the State argues is that there is a statutory restriction in this case that addresses the municipal division's authority to render a judgment in this particular case.[4] Hence, this is nothing more than a "jurisdictional competence" argument—not a subject matter jurisdiction argument—and this argument must fail.[5]

The municipal division of the circuit court in this case possessed both personal and subject matter jurisdiction to hear and determine Larsen's municipal DWI ordinance violation. Its judgment is not a nullity. Because a defendant cannot be prosecuted for an offense that includes within the new charge all of the same elements of a previous offense to which the defendant pled guilty (which the State concedes in the present case), or of which he was previously convicted in a municipal division of the circuit court, *see State v. Streck*, 68 S.W.3d 625, 627 (Mo. App. S.D. 2002), the State is prohibited from charging Larsen with the class D

---

[4] The State concedes that section 479.170 does not restrict the subject matter jurisdiction of judges presiding over municipal divisions of the circuit court that is set forth in article V, § 23 of the Missouri Constitution. *See* MO. CONST. art. XII, § 1 (only a constitutional amendment may alter a constitutional provision).

[5] Even were we to reach the State's section 479.170 argument, it is clear from the factual and procedural circumstances of this case that section 479.170 is inapplicable. Though the State attempts to frame subsection 2 of section 479.170 (*see infra* n.3) as a stand-alone provision, it clearly is not: its opening phrase confines subsection 2 to application only "for purposes of this section." Hence, subsection 2 refers to the only other subsection in section 479.170—subsection 1. However, subsection 1 requires that it must first "appear to the judge" that subsection 2 factual circumstances exist (*i.e.*, that the defendant has been convicted, found guilty, or pled guilty to two or more previous intoxication-related traffic offenses) before the transfer requirement of subsection 1 applies. We are to give language used in a statute its plain and ordinary meaning. *See State v. Chambers*, 437 S.W.3d 816, 820 (Mo. App. W.D. 2014). We presume the legislature "intended what the statute says, and if the language used is clear, there is no room for construction beyond the plain meaning of the law." *State v. Sharp*, 341 S.W.3d 834, 839 (Mo. App. W.D. 2011). We are not at liberty to add words or requirements by implication where the statute is not ambiguous. *See State v. Simmons*, 270 S.W.3d 523, 531 (Mo. App. W.D. 2008).

Here, the statute is unambiguous and the record fails to demonstrate any evidence showing that it "appear[ed] to the judge" of the municipal division of the circuit court that circumstances existed "that [Larsen] ought to be put upon trial for an offense against the criminal laws of the state." Though there is nothing prohibiting a court from inquiring about prior convictions prior to accepting a plea agreement and proceeding to sentencing, there is also nothing obligating a court to do so; likewise, there is no obligation requiring a plea court to, *sua sponte*, investigate prior conviction histories of persons appearing before the plea court.

felony of driving while intoxicated as a persistent offender and the circuit court did not err in dismissing the State's case on double jeopardy grounds.

## Conclusion

The judgment of the circuit court dismissing the State's case is affirmed.

_____
Mark D. Pfeiffer, Chief Judge

Zel M. Fischer, Special Judge, and Gary D. Witt, Judge, concur.