

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **STATE OF MISSOURI,** | **WD81991** |
| **Respondent,** | **OPINION FILED:** |
| **v.** | **March 30, 2021** |
| **ROBERT E. MCDONALD,** | |
| **Appellant.** | |

**Appeal from the Circuit Court of Platte County, Missouri
The Honorable Thomas Clark Fincham, Judge**

**Before Division One:
Alok Ahuja, P.J., Thomas H. Newton and Thomas N. Chapman, JJ.**

After a trial in the Circuit Court of Platte County, a jury convicted Robert McDonald ("McDonald") of two counts of first-degree statutory sodomy, three counts of first-degree statutory rape, and five counts of incest. On four of the counts, McDonald was found to be a predatory sexual offender pursuant to section 558.018.5(2)[1] and sentenced accordingly. McDonald appeals. In his first point on appeal, McDonald argues that the trial court erred in sentencing him as a predatory sexual offender on four of the counts pursuant to section 558.018.5(2) because the "previously committed" act that was used to establish McDonald's status as a predatory sexual offender on Counts 3, 5, 7, and 9 was an act for which he was

---

[1] Unless otherwise indicated, statutory references are to RSMo Supp. 2006.

charged and convicted in Count 1. In his second point on appeal, McDonald argues that the trial court plainly erred in admitting evidence of uncharged sexual acts toward another victim that occurred after the acts for which McDonald was charged.[2] The judgment is affirmed.

**Factual and Procedural History[3]**

The victim in this case is McDonald's daughter ("Victim"). Between August of 2004 and August of 2007, McDonald committed sexual acts against Victim while Victim was between the ages of five and seven. On the first occasion, McDonald had Victim lie on the couch with him where he put his hand in her underwear and rubbed her clitoris. On three other occasions, McDonald placed his penis in Victim's vagina in the bedroom, in the living room, and in the laundry room of their residence. On one other occasion, McDonald had Victim touch and lick his penis.

In 2011, Victim and her two siblings went to live with their aunt and uncle. In late 2012, Victim developed a rash and was diagnosed by a nurse practitioner with genital herpes.[4] When asked if she had been sexually touched by anyone, Victim reported that McDonald had molested her when she was in kindergarten. Victim then told her uncle about the abuse. The abuse was then reported to law enforcement and the Children's Division. The Victim told law enforcement that her father "put his wiener inside of her" between the ages of five and seven. Victim had a

---

[2] Because we find that discussion of McDonald's second point would have no precedential value, we affirm as to that point by summary order pursuant to Rule 30.25(b). We are furnishing the parties a memorandum of the reasons for our decision as to that point. In this opinion, we address only whether McDonald was properly sentenced as a "predatory sexual offender" pursuant to section 558.018.5(2).

[3] McDonald does not challenge the sufficiency of the evidence to support his convictions. We view the evidence in the light most favorable to the verdict. *State v. Anglin*, 45 S.W.3d 470, 471 (Mo. App. W.D. 2001).

[4] At trial, McDonald's brother testified that McDonald had disclosed that he had genital herpes sometime in the early 1990s.

SAFE exam performed at Children's Mercy Hospital. In early 2013, Victim participated in a forensic interview, in which she described the instances of sexual abuse. At trial, Victim testified about the events, and Victim's forensic interview was admitted as an exhibit and published to the jury.

In June of 2013, Victim's sister also participated in a forensic interview in which she described an instance in which she laid on the couch with McDonald when she was seven years old. She described feeling McDonald's penis poke against her legs, which she later realized meant that McDonald was aroused. At trial, Victim's sister testified, and her forensic interview was admitted as an exhibit and published to the jury.

The State charged McDonald with ten felony counts for the acts committed against Victim on five different occasions between August of 2004 and August of 2007.[5] Count 1 was a charge for first-degree statutory sodomy relating to the first instance of sexual abuse toward Victim. Because Count 1 occurred prior to Counts 3, 5, 7, and 9, the State charged McDonald as a predatory sexual offender on those charges.[6] At the close of the State's evidence, the trial court held a hearing and made a finding that McDonald was a predatory sexual offender.

The jury convicted McDonald on all ten counts. The trial court then held a separate phase where the State presented evidence in the form of Victim's testimony to prove that the events that occurred in Count 1 occurred prior to the events that occurred in Counts 3, 5, 7, and

---

[5] The charges were as follows: Count 1: first-degree statutory sodomy; Count 2: incest; Count 3: first-degree statutory sodomy; Count 4: incest; Count 5: first-degree statutory rape; Count 6: incest; Count 7: first-degree statutory rape; Count 8: incest; Count 9: first-degree statutory rape; Count 10: incest.

[6] Section 558.018.4 provides that the court shall sentence a person who has been found guilty of first-degree statutory rape or first-degree statutory sodomy to an extended term of imprisonment if the person is found to be a predatory sexual offender. A person who has previously committed first-degree statutory sodomy is a predatory sexual offender. § 558.018.5(2).

3

9. The jury was instructed to find that McDonald was a predatory sexual offender if it believed that the act committed in Count 1 occurred prior to the acts committed in Counts 3, 5, 7, and 9. The jury found McDonald to be a predatory sexual offender. The trial court sentenced McDonald to forty years' imprisonment on the first count of statutory sodomy, life on the remaining count of statutory sodomy and each count of rape, and four years on each count of incest, for a total of four life sentences plus sixty years to be served consecutively. Pursuant to the court's predatory sexual offender finding on Counts 3, 5, 7, and 9, the court ordered that McDonald would not be eligible for parole for fifty years on those counts.

McDonald appeals.

## Analysis

In his first point on appeal, McDonald argues that the trial court erred in sentencing him as a "predatory sexual offender" pursuant to section 558.018.5(2) because the "previously committed" act that was used for sentence enhancement was part of the conduct for which McDonald was charged, tried, and convicted in the proceedings from which McDonald appeals. Therefore, as argued by McDonald, this act was not "previously committed" as contemplated by the statute.

> For purposes of section 558.018.5, a "predatory sexual offender" is a person who:
>
> (1) Has previously pleaded guilty to or has been found guilty of the felony of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes or child molestation in the first degree when classified as a class B felony or sexual abuse when classified as a class B felony; or
>
> (2) Has previously committed an act which would constitute an offense listed in subsection 4 of this section, whether or not the act resulted in a conviction; or
>
> (3) Has committed an act or acts against more than one victim which would constitute an offense or offenses listed in subsection 4 of this section, whether or

4

not the defendant was charged with an additional offense or offenses as a result of such act or acts.

In this matter, the basis for McDonald's status as a predatory sexual offender was section 558.018.5(2). The act for which McDonald was charged in Count 1 was used as the predicate offense (the "previously committed" act) for establishing that McDonald was a predatory sexual offender for purposes of Counts 3, 5, 7, and 9. In arguing that section 558.018.5(2) does not apply to acts that are the bases for current charges, McDonald relies on language from *State v. Johnson*, 524 S.W.3d 505 (Mo. banc 2017). In *Johnson*, the defendant argued that section 558.018.5(3) did not apply to charged acts. 524 S.W.3d at 510-11. In rejecting the defendant's argument, the Missouri Supreme Court found that section 558.018.5(3), by its plain language, applied to acts that are the bases for the current charges. *Id.* at 511. The Missouri Supreme Court reasoned:

> Section 558.018.5(3) is unambiguous. It refers simply to "an act or acts against more than one victim." Nowhere does it refer to "prior" or "previous" acts. To hold, as Johnson argues, that § 558.018.5(3) applies only to prior acts, this Court would not only have to impermissibly add language to an unambiguous statute, but also impermissibly find § 558.018.5(3) to be superfluous. Section 558.018.5(2) already encompasses the same general types of acts as § 558.018.5(3)—those which would constitute an offense pursuant to § 558.018.4—but § 558.018.5(2) specifically refers to acts "previously committed." Therefore, giving effect to the legislative intent reflected in the unambiguous plain language, § 558.018.5(3) applies not only to prior acts, but also applies to acts that are the bases for the current charges. With nothing for this Court to construe, this is not a case in which this Court must apply principles of statutory construction to choose between plausible, competing interpretations.

*Id.*

Although the *Johnson* court distinguished the language of section 558.018.5(2) from that of 558.018.5(3), it did not interpret the meaning of section 558.018.5(2). It likewise did not decide whether present charges could form the predicate offense for predatory sexual offender

5

status pursuant to § 558.018.5(2). Rather, *Johnson* determined that (unlike section 558.018.5(2)), section 558.018.5(3) had no language that referred to the sequence of the predicate offense, that to impose such a requirement would require adding language to that subsection, that nothing otherwise required that the predicate offense (involving multiple/other victims) have occurred prior to the currently charged events; and therefore concluded that currently charged events could provide the predicate for enhancement under section 558.018.5(3).[7] Put another way, *Johnson* addressed a portion of the statute that included no timing or sequence requirement, and did not impose one. *Johnson* did not address, where there was a sequence requirement, as set out under section 558.018.5(2), what the sequence must be. Nor did *Johnson* address, when there is such a sequence requirement for the predicate offense, whether the predicate offense could be among the current charges.

In the matter before us, McDonald argues that the Missouri Supreme Court made a specific distinction between the language of paragraphs (2) and (3) of section 558.018.5. Therefore, McDonald argues, while acts forming the bases for current charges can be the

---

[7] *Johnson* also addressed whether the statutory scheme that requires the trial judge to determine the predicate offense for sentencing enhancement under sections 558.018 and 558.021 violated the constitutional requirement set forth in *Alleyne v. United States*, 570 U.S. 99, 103 (2013) – which held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Id.* The *Johnson* court noted that, since the jury did find the defendant guilty of the currently charged predicate offenses, the scheme, as applied in its circumstance, did not violate the defendant's right to jury trial as set out in *Alleyne v. U.S* – precisely because the jury, in finding the defendant guilty of the also-charged predicate offense, had found the necessary facts that increased the mandatory minimum sentence. *Johnson*, 524 S.W.3d at 512.

McDonald does not argue that § 558.018.5(2) is unconstitutional or that the trial court erred by failing to follow the procedures of section 558.021. Rather, McDonald's argument centers on what the legislature intended in enacting 558.018.5. In *Johnson*, the Missouri Supreme Court indicated that the statutory scheme that requires a judge to make the predicate finding does not run afoul of *Alleyne*, *supra*, so long as a jury also makes that same finding. *Johnson*, 524 S.W.3d at 512. In this instance, it appears the trial court did what was required: it followed the statutory scheme by making the finding of predatory sexual offender status prior to submission to the jury; and, in accordance with *Alleyne*, also required the jury to make the finding that Count 1 occurred before Counts 3, 5, 7, and 9.

6

predicate offense under paragraph (3), the language of paragraph (2) requires that the acts be "previously committed" and, thus, acts forming the bases for current charges cannot also constitute the act forming the basis for predatory sexual offender status.

The State argues that McDonald can be found to be a predatory sexual offender if he committed a requisite act prior to the offenses for which he is found to be a predatory sexual offender. Thus, because the act forming the basis for Count 1 was found by the jury to have occurred prior to the acts forming the basis for Counts 3, 5, 7, and 9, the State argues that it was proper for the act for which McDonald was convicted in Count 1 to justify McDonald's status as a predatory sexual offender in Counts 3, 5, 7, 9.

At issue here is what is meant by "previously committed." That is, to what must the act's perpetration be previous? McDonald argues that the act committed must be previous to the conduct with which he was charged in the proceeding below. The State argues that the act committed must be previous only to the charged acts for which McDonald was found to be a predatory sexual offender. These arguments require us to identify the legislature's intended reference point as to the time to which the acts must be previous.

"Statutory interpretation is a question of law, and questions of law are reviewed de novo." *State v. Downing*, 359 S.W.3d 69, 70 (Mo. App. W.D. 2011) (quoting *State v. Pesce*, 325 S.W.3d 565, 575 (Mo. App. W.D. 2010)). Our "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imports, Inc. v. Audi of American, Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). We resort "to other rules of statutory interpretation only when the plain meaning of the statute is ambiguous or defeats the purpose of the statute." *Karney v. Dep't of Labor & Industrial Relations*, 599 S.W.3d 157, 162 (Mo. banc 2020) (citing *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014)). "Other

7

rules of statutory interpretation, which are diverse and sometimes conflict, are merely aids that allow this Court to ascertain the legislature's intended result." *Parktown Imports, Inc.*, 278 S.W.3d at 672 (citing *Edwards v. St. Louis County*, 429 S.W.2d 718, 722 (Mo. banc 1968)). "Words in a statute are not read in isolation but, rather, are read in the context of the statute to determine their plain and ordinary meaning." *Kehlenbrink v. Dir. of Revenue*, 577 S.W.3d 798, 800 (Mo. banc 2019).

Section 558.018.5(2) states that, for an act to qualify as a predicate offense for "predatory sexual offender" status, the defendant must have "previously committed" the act, "whether or not the act resulted in a conviction[.]" That a committed act can justify "predatory sexual offender" status without regard to whether it resulted in a conviction reveals that the legislature wished to expand the circumstances under which a defendant could be found to be a predatory sexual offender.

The classification of a defendant as a "predatory sexual offender" was first added to and defined in section 558.018 in 1996 with the passing of House Bill 974. Prior to the addition to the code of "predatory sexual offender" status, a defendant could be subject to an extended term of imprisonment as a sexual offender if found to be a "persistent sexual offender," being someone who "ha[d] previously pleaded guilty to or had been found guilty of" a requisite offense. § 558.018.2 RSMo Supp. 1995. That is, prior to the enactment of the "predatory sexual offender" sentencing enhancement provisions under section 558.018.5, a prior finding of guilt was required to then sentence a defendant as a "persistent sexual offender." With the passing of House Bill 974 in 1996, and the introduction of "predatory sexual offender" status, the legislature revealed a clear intent that acts that had not resulted in convictions could be used to

subject a defendant to an extended term of imprisonment, thereby expanding the means by which a defendant might be subject to an extended term.

The evident purpose of section 558.018.5(2) is to allow a defendant's sentence to be enhanced if the defendant has "previously committed" a predicate offense prior to the act for which the enhanced sentence is being imposed – whether or not the defendant had been convicted of committing the predicate act or offense. To adopt McDonald's interpretation would work against the evident purpose of the provision, and would impose an additional, unwritten requirement – that the offense be uncharged. According to McDonald, if the defendant had *not* been charged with Count 1, then the act forming the basis for Count 1 *would* form a valid basis for a finding that the defendant was a predatory sexual offender for sentence enhancement purposes under Counts 3, 5, 7, and 9. It seems inapposite that a legislature wishing to expand the circumstances that would require an extended term would intend that a defendant escape a more stringent sentence by the mere fact of being charged with and convicted of an *additional* crime. However, according to McDonald, it is precisely because he had been charged with that additional prior act, that the act cannot be used for enhancement purposes. McDonald urges this reading of the statute even though the provision expressly operates "whether or not the act resulted in a conviction[.]" § 558.018.5(2).

The legislature had expressly delineated a timing requirement for findings of guilt for certain categories of offenders in the general recidivism statute, which provided that the "pleas or findings of guilty shall be prior to the date of commission of the present offense." § 558.016.6. However, the status of predatory sexual offender was not one of the statuses governed by the general recidivism statute. In reviewing the timing requirement for findings of guilt for statuses not governed by the general recidivism statute, our court has previously found that the

9

legislature's omission of a specific timing requirement for other sentence enhancement statuses did not require "previously pleaded guilty to" to mean previous to the commission of the charged crime. *State v. Chambers*, 437 S.W.3d 816, 820 (Mo. App. W.D. 2014) (finding that the lack of limiting language by the legislature regarding a timing requirement in the drug enhancement statutes to plainly mean that felony drug convictions previous to the trial court's status determination could be considered by the trial court in its status determination).

Unlike with statutes dealing with findings of guilt, predatory sexual offender status under section 558.018.5(2) depends on whether an act was "previously committed." The legislature did not use any limiting language expressing an intent to impose a timing sequence on what constitutes a "previously committed" act other than with the use of the word previously. Section 558.018.4 provides that a person found guilty of first-degree statutory rape or first-degree statutory sodomy shall be subject to an extended term of imprisonment if found to be a predatory sexual offender. A person who has previously committed first-degree statutory sodomy is a predatory sexual offender. § 558.018.5(2). Thus, a person who has been found guilty of first-degree statutory rape or first-degree statutory sodomy is subject to an extended term if that person previously committed first-degree statutory sodomy. McDonald was found by the jury to have committed first-degree statutory sodomy (the offense in Count 1) prior to committing first-degree statutory sodomy (Count 3) and first-degree statutory rape (Counts 5, 7, and 9). Thus, it follows that McDonald can properly be found to be a predatory sexual offender.[8]

---

[8] Our interpretation of section 558.018.5(2) does not render the language of section 558.018.5(3) superfluous. Although most of the acts encompassed by paragraph (3) would already be encompassed by paragraph (2), the omission in paragraph (3) of a requirement that the act be previously committed indicates that there is no requirement that the predicate act be committed prior to the commission of the act for which the defendant is subject to an enhanced sentence. Rather, the language of paragraph (3) indicates that the act or acts against more than one victim must simply have been committed at the time of the status determination.

10

There is no ambiguity in section 558.018.5(2), as it is clear that, when considering the predicate offense for enhanced sentencing, a predicate offense is "previously committed" when it occurs prior to the commission of the offense that the predicate offense enhances. The provision contains no language that indicates that the legislature intended "previously" to mean previous to the charging document. To require that the offense also be uncharged would impermissibly add language to an unambiguous statute. Even if we were to find section 558.018.5(2) ambiguous (which we do not), and if we were required to resort to statutory interpretation, it is clearly more consistent with the purpose of the sentencing enhancement provisions under section 558.018.5 to interpret that section 558.018.5(2) requires the predicate offense to have occurred previous to the offense that it enhances, rather than to impose the additional and unwritten requirement that it also be uncharged.

The jury found that McDonald committed the act in Count 1, and committed said act previous to the acts in Counts 3, 5, 7, and 9. Therefore, the trial court did not err in sentencing McDonald as a predatory sexual offender on Counts 3, 5, 7, and 9.

Point one is denied.

## Conclusion

Because the publication of our decision to deny McDonald's second point would have no precedential value, a memorandum explaining the reason for our decision on point two has been provided to the parties pursuant to Rule 30.25(b).

The judgment is affirmed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

11