STATE of Missouri, Respondent,

v.

Benjamin DARDEN, Appellant.

Benjamin DARDEN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58387, 60726.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1993.

Judith LaRose, Columbia, James Stewart McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Allen Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

A jury found the defendant, Benjamin Darden, guilty of one count of first degree murder, two counts of assault in the first degree, and three counts of armed criminal action. He was sentenced to life imprisonment without possibility of probation or parole on the murder count, and to consecutive sentences on the others. He appeals from the convictions and from the overruling of his motion for postconviction relief under Rule 29.15. An eyewitness who had known him for many years identified him as the person who shot the witness and two of his brothers, one fatally, and so there is no question of submissibility. The defendant raises three points on appeal, none of which we find to be meritorious.

█ It is first argued that the trial judge should have intervened *sua sponte* when the prosecutor, during *voir dire*, sought to explain "reasonable doubt." It is suggested that his statements contained improper definition. The complaint relates to 65 pages of transcript, four pages of which are reproduced in the defendant's brief. The principal complaint seems to be the equation of "reasonable doubt" to "nagging doubt."

Absolutely fatal to this contention is the absence of any objection whatsoever. During *voir dire*, especially, it is important to make objections, because the court may take corrective action by giving a cautionary instruction or, in an aggravated case, by excusing the panel and calling for a new one, with minimal waste. By failing to object counsel deprives the trial judge of the opportunity to correct any deficiencies or misapprehensions. We therefore reject counsel's invitation to review the claims for plain error. It is appropriate to observe, nonetheless, that the prosecutor's questions were not impassioned or inflammatory, and that there was no indication that prejudice was injected into the case. The jury was instructed on reasonable doubt through the medium of MAI–Cr 3d 302.04, and is presumed to have followed this instruction.

 The defendant next seeks to raise a constitutional challenge to MAI–Cr 3d 302.-04, asserting that it contravenes federal authorities by using the language "firmly convinced." This claim has been frequently made and invariably rejected. See *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987). The defendant points to the recent case of *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), holding that phrases such as "grave uncertainty," "actual substantial doubt," and "moral certainty" violated constitutional standards by implying a degree of proof below that required by the due process clause. The Supreme Court of Missouri has expressly held that MAI–Cr 3d 302.04 does not violate the teachings of *Cage*. *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991). This holding controls. See also *State v. Whitfield*, 837 S.W.2d 503, 511–12 (Mo. banc 1992).

In his third point the defendant disputes the motion court's finding that counsel was ineffective in failing to communicate with the trial judge when the defendant and his mother advised him that a juror was sleeping. The defendant's trial counsel testified that he made a point of watching the jurors and did not notice that any juror was asleep. He also testified that he did not remember any conversation with the defendant's mother about a sleeping juror. The trial judge found that there was no evidence that counsel was aware of a sleeping juror. He apparently believed counsel's testimony at points of conflict. He had the responsibility for determining credibility, and we defer to his judgment. The third point shows no basis for reversal.

The defendant sought to raise other claims of error in a motion for new trial, a 29.15 motion prepared by counsel, and a *pro se* 29.15 motion. These claims are procedurally barred because they were not raised in the appellant's brief.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.