No. 95-3276

Benjamin Darden,                          *
                                          *
            Appellant,                    *
                                          *     Appeal from the United States
      v.                                  *     District Court for the
                                          *     Eastern District of Missouri.
Paul Delo,                                *           [UNPUBLISHED]
                                          *
            Appellee.                     *

                  Submitted:  June 12, 1996

                      Filed:  September 11, 1996

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
      ROSENBAUM,* District Judge.

PER CURIAM.

     Benjamin Darden appeals the district court's[1] denial of his 28 U.S.C.
§ 2254 petition.  We affirm.

     Darden was convicted in Missouri of first-degree murder, first-degree
assault, and armed criminal action.  His motion for post-conviction relief
made pursuant to Missouri Supreme Court Rule 29.15 was denied.  Darden's
conviction and the denial of his Rule 29.15 motion were affirmed in a
consolidated appeal.  State v. Darden, 843 S.W.2d 376 (Mo. Ct. App. 1992).
The district court

---

     *The HONORABLE JAMES M. ROSENBAUM, United States District
     Judge  for  the  District  of  Minnesota,  sitting  by
     designation.

     [1]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri, adopting the report and
recommendation of the Honorable Thomas C. Mummert, III, United
States Magistrate Judge for the Eastern District of Missouri.

denied Darden's section 2254 petition without an evidentiary hearing.

Darden raises several issues on appeal, only two of which merit discussion.[2] Darden first argues that trial counsel was ineffective for failing to call to the attention of the trial court a sleeping juror. We conclude that the record does not support Darden's version of the facts. The Rule 29.15 motion court found that counsel was not aware at trial of a sleeping juror; this finding is supported by the record and should be afforded the presumption of correctness. See 28 U.S.C. § 2254(d) (1994). This finding necessarily defeats Darden's ineffective assistance claim.

Second, Darden argues that appellate counsel was ineffective for failing to raise the claim that the trial court erroneously refused to allow Darden to impeach a key eyewitness with the fact that the witness had two outstanding arrest warrants for his failure to appear on traffic tickets. The witness had already admitted to prior convictions for arson and making false declarations, and thus further impeachment with the outstanding warrants would have been cumulative. Counsel's decision not to raise this issue on appeal was reasonable. In any event, Darden has not shown a reasonable probability that the outcome would have been different had the impeachment been allowed. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Having carefully reviewed the record, we conclude that the remaining issues Darden raises on appeal, including those set forth in his pro se brief, provide Darden with no grounds for relief and do not merit discussion.

We thank appointed counsel for her diligent efforts on Darden's behalf.

---

[2]We grant Darden's motion to supplement the record.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.