STATE of Missouri, Respondent,

v.

Angelo JOHNSON, Appellant.

No. SC 95481

Supreme Court of Missouri,
en banc.

Opinion issued August 22, 2017

Johnson was represented by Samuel Buffaloe of the public defender's office in Columbia, (573) 777-9977.

The state was represented by Karen L. Kramer of the attorney general's office in Jefferson City, (573) 751-3321.

Zel M. Fischer, Chief Justice

A jury convicted Angelo Johnson of five counts of first-degree statutory sodomy, three counts of first-degree statutory rape, three counts of incest, and one count of second-degree statutory rape. At sentencing, the circuit court found Johnson to be a predatory sexual offender pursuant to § 558.018.5(3)[1] and sentenced Johnson to the corresponding mandatory minimum sentence, life imprisonment with the possibility of parole, for each of the five first-degree statutory sodomy convictions and three first-degree statutory rape convictions. Johnson appeals these eight sentences, arguing the circuit court improperly sentenced him as a predatory sexual offender. The circuit court's judgment is affirmed.

## Factual and Procedural History

The State charged Johnson with 13 felony counts stemming from the sexual abuse of his two step-daughters, D.P. and R.J., and his biological daughter, L.J. The specific charges were: six counts of first-degree statutory sodomy and three counts of first-degree statutory rape as to D.P. and R.J.; three counts of incest as to D.P., R.J., and L.J.; and one count of second-degree statutory rape as to L.J. For the first-degree statutory sodomy charges and first-degree statutory rape charges (which involved only D.P. and R.J.[2]), the State also charged Johnson as a predatory sexual offender pursuant to § 558.018. section 558.018 defines "predatory sexual offender" and subjects a defendant, found by the circuit court to be a predatory sexual offender and also found guilty of a predicate offense, to a mandatory minimum sentence of life imprisonment with the possibility of parole. Prior to trial, Johnson waived his statutory right to jury sentencing.

---

1. Statutory citations are to RSMo Supp. 2013.

2. The offenses involving L.J. were not predicate offenses for purposes of finding Johnson to be a predatory sexual offender.

After the close of evidence and prior to submission of the case to the jury, the circuit court, outside of the jury's presence, initially considered the State's request to find Johnson to be a predatory sexual offender. The charges against Johnson involved multiple victims. The State argued Johnson was a predatory sexual offender pursuant to § 558.018.5(3), which provides a person is a predatory sexual offender if the person "[h]as committed an act or acts against more than one victim." Johnson argued § 558.018.5(3) did not apply because that section applies only to prior acts, not acts that are the bases for the current charges. The circuit court initially agreed with Johnson and denied the State's request to find Johnson to be a predatory sexual offender.

The case was submitted to the jury, which found Johnson guilty on 12 of 13 counts and acquitted him on one count of first-degree statutory sodomy. At sentencing, the State again requested the circuit court find Johnson to be a predatory sexual offender pursuant to § 558.018.5(3). Johnson again argued that section did not apply to him because it applies only to prior acts. Johnson did not, however, argue the circuit court was precluded by § 558.021.2 from finding him to be a predatory sexual offender because the case had already been submitted to the jury. The circuit court reconsidered its prior interpretation of § 558.018.5(3), was persuaded the State's interpretation of the statute was correct, and, therefore, found Johnson to be a predatory sexual offender.[3] Based on that finding, Johnson was sentenced to eight concurrent terms of life imprisonment with eligibility for parole after 25 years for his first-degree statutory sodomy and first-degree statutory rape convictions.[4] Johnson appealed the sentences. After opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

## Analysis

A "predatory sexual offender" is statutorily defined as a person who:

(1) Has previously been found guilty of committing or attempting to commit any of the offenses listed in subsection 1 of this section, or committing child molestation in the first degree when classified as a class B felony or sexual abuse when classified as a class B felony; or

(2) Has previously committed an act which would constitute an offense listed in subsection 4 of this section, whether or not the act resulted in a conviction; or

(3) Has committed an act or acts against more than one victim which would constitute an offense or offenses listed in subsection 4 of this section, whether or not the defendant was charged with an additional offense or offenses as a result of such act or acts.

Section 558.018.5. "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing. . . ." Section 558.021.2. If the circuit court finds the defendant is a predatory sexual offender and the defendant is found guilty of committing or attempting to commit one of several predicate crimes, then the defendant is subject to a manda-

---

**3.** In its written findings of fact, the circuit court found Johnson committed the acts in Count I (first-degree statutory rape) and Count II (first-degree statutory sodomy) as to D.P. and the acts in Count VI (first-degree statutory rape) and Count VIII (first-degree statutory sodomy) as to R.J.

**4.** To run concurrent to Johnson's life sentences, the circuit court also sentenced Johnson to four years' imprisonment for each of his three incest convictions and seven years' imprisonment for his second-degree statutory rape conviction. Johnson does not challenge these four other sentences.

tory minimum sentence of life imprisonment with the possibility of parole. Sections 558.018.4, 558.018.6.

Relevant here, the predicate crimes include first-degree statutory sodomy and first-degree statutory rape. Sections 558.018.1, 558.018.4. Because the jury found Johnson guilty on five counts of first-degree statutory sodomy and three counts of first-degree statutory rape, and because the circuit court found Johnson to be a predatory sexual offender pursuant to § 558.018.5(3), the circuit court sentenced Johnson to life imprisonment with eligibility for parole on each of those eight convictions. Had the circuit court not found Johnson to be a predatory sexual offender, the circuit court could have still sentenced Johnson to life imprisonment for each of the eight convictions, but Johnson would have been subject to a lesser mandatory minimum sentence of either 5 years or 10 years, depending on the conviction.[5] Johnson presents two points on appeal and asks this Court to remand his case for resentencing on the eight convictions without the possibility of sentencing him as a predatory sexual offender.

### Section 558.018.5(3) Applies to Charged Acts and Is Not Facially Unconstitutional

■ Johnson argues the circuit court erred in finding him to be a predatory

sexual offender pursuant to § 558.018.5(3), alleging that section applies only to prior acts, not acts that are the bases for the current charges. As an extension of this argument, Johnson argues interpreting § 558.018.5(3) to apply to charged acts violates his right to a jury trial guaranteed by the Sixth and Fourteenth amendments to the United States Constitution and article I, § 18(a) of the Missouri Constitution.[6] "Statutory interpretation is an issue of law that this Court reviews de novo." *S. Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009).

■ Generally, to preserve an allegation of error, it must be presented to the circuit court in a motion for new trial. *E.g.*, *State v. Winfield*, 5 S.W.3d 505, 511 (Mo. banc 1999); Rule 29.11(d). Here, however, the claim of error relates to the circuit court applying § 558.018.5(3) to Johnson, which he raised at the first opportunity and again at sentencing; therefore, this claim of error is preserved.

■ ■"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). "It is a basic rule of statutory construction that words should be given their plain and ordinary meaning whenever possible." *State ex*

---

**5.** Johnson was convicted of two counts of first-degree statutory rape as to a victim less than 12 years old, which carries a possible sentence of 10 years to life imprisonment, and one count of first-degree statutory rape as to a victim less than 14 years old, which carries a possible sentence of 5 years to life imprisonment. Section 566.032. Johnson was convicted of three counts of first-degree statutory sodomy as to a victim less than 12 years old, which carries a possible sentence of 10 years to life imprisonment, and two counts of statutory sodomy as to a victim less than 14 years old, which carries a possible sentence of 5 years to life imprisonment. Section 566.062.

**6.** The Sixth Amendment is applicable to the states through the Fourteenth Amendment. *E.g.*, *State v. Alexander*, 620 S.W.2d 380, 384 (Mo. banc 1981). "[Article] I, § 18(a) of the Missouri Constitution protects the same rights as the Sixth Amendment of the United States Constitution." *State v. Hester*, 801 S.W.2d 695, 697 (Mo. banc 1991). Johnson also references article I, § 10 of the Missouri Constitution and the due process provision, but makes no separate and distinct due process argument.

*rel. Jackson v. Dolan*, 398 S.W.3d 472, 479 (Mo. banc 2013) (internal quotations omitted). This Court may not add language to an unambiguous statute. *State v. Collins*, 328 S.W.3d 705, 709 n.6 (Mo. banc 2011). "This Court must presume every word, sentence or clause in a statute has effect, and the legislature did not insert superfluous language." *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013). "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Id.* (internal quotations omitted); *see also, e.g., Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 461 (Mo. banc 2013) ("Only where the language is ambiguous will the Court resort to other rules of statutory construction.").

 Section 558.018.5(3) is unambiguous. It refers simply to "an act or acts against more than one victim." Nowhere does it refer to "prior" acts or "previous" acts. To hold, as Johnson argues, that § 558.018.5(3) applies only to prior acts, this Court would not only have to impermissibly add language to an unambiguous statute, but also impermissibly find § 558.018.5(3) to be superfluous. Section 558.018.5(2) already encompasses the same general types of acts as § 558.018.5(3)—those which would constitute an offense pursuant to § 558.018.4—but § 558.018.5(2) specifically refers to acts "previously committed." Therefore, giving effect to legislative intent reflected in the unambiguous plain language, § 558.018.5(3) applies not only to prior acts, but also applies to acts that are the bases for the current charges. With nothing for this Court to construe, this is not a case in which this Court must apply principles of statutory construction to choose between plausible, competing interpretations. *See Bateman*, 391 S.W.3d at 446; *Witte*, 414 S.W.3d at 461.

 Johnson also argues this "interpretation" is unconstitutional. But because this is not a matter of construction or competing interpretations—merely one of applying § 558.018.5(3)'s unambiguous plain language—Johnson's argument is necessarily a challenge to the constitutional validity of § 558.018.5(3) on its face. *See New Garden Rest., Inc. v. Dir. of Revenue*, 471 S.W.3d 314, 318 (Mo. banc 2015). This part of Johnson's argument was not presented to the circuit court at any point and, therefore, has not been preserved. *See State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015) ("To preserve a constitutional claim of error, the claim must be raised at the first opportunity with citation to specific constitutional sections."). Nevertheless, because this is the first challenge to the constitutional validity of § 558.018.5(3) to reach this Court, this Court will exercise its discretion to review this argument *ex gratia*.

 "Generally, to prevail in a facial challenge, the party challenging the statute must demonstrate that no set of circumstances exists under which the statute may be constitutionally applied." *State v. Jeffrey*, 400 S.W.3d 303, 308 (Mo. banc 2013). "Thus, the general rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." *Id.* (internal quotations omitted). In this case, there is no error, plain or otherwise, because § 558.018.5(3) is not facially unconstitutional.

Johnson's constitutional challenge is premised on the United States Supreme Court's decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Alleyne*, the Supreme Court held, pursuant to the Sixth Amendment's right to a jury trial, "Any

fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. That is, "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Id.* The Supreme Court reasoned, "When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at 2162.

Johnson argues that, in applying to the currently charged acts, § 558.018.5(3), in conjunction with § 558.021, is unconstitutional because it "allow[s] for the trial court to find in a jury trial that the defendant actually committed the crimes with which he has been charged before the case is submitted to the jury" and thus "force[s] the trial court to find facts which increase the mandatory minimum punishment in violation of *Alleyne*." Pursuant to § 558.018.5(3), the fact that increases the mandatory minimum sentence is that the defendant committed acts against more than one victim. According to *Alleyne*, this fact must be submitted to and found by the jury. 133 S.Ct. at 2155. That this fact may be found based on the current charges does not run afoul of *Alleyne*. If anything, it means that, despite a statutory scheme requiring only the circuit court to find the fact, the fact will necessarily also be submitted to the jury for determination.

Here, for example, the jury found beyond a reasonable doubt Johnson committed acts against more than one victim in that Johnson committed first-degree statutory sodomy and first-degree statutory rape as to both D.P. and R.J. Therefore, no constitutional violation resulted in subjecting Johnson to an increased mandatory minimum sentence. *See Alleyne*, 133 S.Ct. at 2155. That the circuit court did not follow the timing requirement of § 558.021.2 is immaterial to the constitutional analysis. Even if the circuit court would have applied the plain language of § 558.018.5(3) and, in accordance with § 558.021.2, determined prior to submission of the charges to the jury that Johnson was a predatory sexual offender based on findings he committed the charged acts against D.P. and R.J. that pre-submission determination, *by itself*, would not have violated Johnson's constitutional right.[7] *Alleyne* held only that the jury must find the necessary facts, not that a statute may not require a trial court to also find these facts.[8] The circuit court's pre-submission findings of predicate facts does not necessarily preclude the jury from also having to subsequently find the same predicate facts thereafter. Simply because the jury may not always find the facts after the circuit court's pre-submission findings does not mean the jury never will or never can. This is not a case where "no set of circumstances exists under which the statute may be constitutionally applied." *Jeffrey*, 400 S.W.3d at 308. Applying the statute with

---

**7.** Johnson argues the circuit court's pre-submission findings in this context would "inappropriately force the trial court to abandon neutrality and determine the defendant's guilt before the case has even been submitted to the jury." "The United States and Missouri Constitutions guarantee a criminal defendant an impartial tribunal." *State v. Taylor,* 929 S.W.2d 209, 220 (Mo. banc 1996). Pre-submission findings do not mean the circuit court is not impartial any more than a guilty verdict returned by the jury means the jury is not impartial. Furthermore, the circuit court's pre-submission findings of fact do not remove the defendant's right to have the jury determine the same facts occur outside of the jury's hearing so as to not influence its verdict. § 558.021.2.

**8.** Requiring a trial court to also find the necessary facts is a layer of protection above and beyond that required by *Alleyne*.

the backdrop of *Alleyne*, if either the circuit court or the jury would fail to find the required predicate facts, the defendant could not be sentenced as a predatory sexual offender. That the statute could not be constitutionally applied when the jury does not also find the predicate facts would render the statute unconstitutional as applied *under those circumstances*, but not facially unconstitutional. Johnson's constitutional challenge, therefore, is without merit.

### Johnson Has Not Established Manifest Injustice Resulted From the Circuit Court's Violation of § 558.021.2

 Johnson argues the circuit court erred or plainly erred in finding him to be a predatory sexual offender after the case had already been submitted to the jury because this violated § 558.021.2 and his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and article I, § 10 of the Missouri Constitution. At the sentencing hearing, Johnson did not object to the circuit court finding him to be a predatory sexual offender on the basis that doing so violated § 558.021.2. An objection "must be specific and made contemporaneously with the purported error." *Driskill*, 459 S.W.3d at 426. Because Johnson failed to preserve this claim of error, it is entitled only to plain error review. *Id.*

 "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the error has resulted in manifest injustice or miscarriage of justice." *State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). "First, the Court must determine whether the claimed error is, in fact, 'plain error[ ] affecting substantial rights.'" *Id.* "An error is plain if it is 'evident, obvious, and clear.'" *Id.* "Substantial rights are involved if, facially, there are significant grounds for believing that the error is of the type from which

manifest injustice or miscarriage of justice could result if left uncorrected." *Id.* "Second, if plain error affecting substantial rights is found, the Court determines whether the error actually did result in manifest injustice or a miscarriage of justice." *Id.* "Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice." *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006). "To be entitled to relief under the plain error rule, an appellant must go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *Winfield*, 5 S.W.3d at 516. "In other words, the appellant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected." *Id.*

 The circuit court here did not find Johnson to be a predatory sexual offender until his sentencing, after the case had been submitted to the jury. Section 558.021.2 requires the circuit court to make the predicate findings prior to submission of the case to the jury. This Court has emphasized the importance of statutory timing requirements when the circuit court finds the defendant to be a status offender (e.g., prior, persistent, or chronic offender). *See Collins*, 328 S.W.3d at 709–10; *State v. Severe*, 307 S.W.3d 640, 644–45 (Mo. banc 2010); *State v. Teer*, 275 S.W.3d 258, 260–62 (Mo. banc 2009); *State v. Emery*, 95 S.W.3d 98, 101–02 (Mo. banc 2003). The circuit court's failure to comply with the timing requirement is evident, obvious, and clear. *See In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 809 (Mo. banc 2011) ("Here, the statutory errors are evident, obvious, and clear from the record, so the issue is whether they resulted in manifest injustice or a miscarriage of justice."). The circuit court's error facially involves sub-

stantial rights because a violation of "section 558.021.2 "implicates a defendant's liberty." *See Teer*, 275 S.W.3d at 261; *see also Hunt*, 451 S.W.3d at 260 ("Applying step one, the liberty of a criminal defendant is a substantial right that, when violated, can lead to manifest injustice or miscarriage of justice."). The remaining question is whether the circuit court's timing error resulted in manifest injustice or a miscarriage of justice.

■■■■■ Johnson points to several cases in which this Court or the court of appeals found either prejudice or manifest injustice resulted when the defendant was sentenced as a status offender after the circuit court violated similar statutory requirements and the defendant was subjected to a punishment greater than the maximum sentence would have been had the defendant not been found to be a status offender. Johnson analogizes his case to these because he was sentenced to a mandatory minimum sentence greater than the mandatory minimum sentence he would have been subjected to had he not been sentenced as a predatory sexual offender. Assuming without deciding Johnson is correct—that there is no basis to distinguish between a higher maximum sentence and a higher minimum sentence—he still fails to recognize that the nature and context of the circuit court's statutory violation is of the utmost importance in determining whether manifest injustice has resulted. *See Baxter*, 204 S.W.3d at 652 ("Manifest injustice is determined by the facts and circumstances of the case . . . ."). Manifest injustice does not automatically result simply because the circuit court violated § 558.021.2, and the cases relied upon by Johnson are readily distinguishable.

This Court has held either prejudice or manifest injustice results when the defendant is sentenced as a status offender without the State offering the evidence necessary to establish such status. *See Col-*

*lins*, 328 S.W.3d at 708–10; *Severe*, 307 S.W.3d at 642–645; *Emery*, 95 S.W.3d at 101–02. The court of appeals also has held manifest injustice results when the circuit court sentences a defendant as a status offender without finding the necessary facts, *see State v. Wilson*, 343 S.W.3d 747, 750–51 (Mo. App. 2011), and when the circuit court sentences a defendant as a status offender after allowing the State to offer evidence after submission of the case to the jury because its pre-submission evidence was insufficient, *see State v. Starnes*, 318 S.W.3d 208, 210–18 (Mo. App. 2010). There is prejudice or manifest injustice in these cases because the respective defendants were sentenced based on an offender status never proved by the State or never expressly found by the circuit court—i.e., the necessary preconditions to sentencing a defendant as a status offender were altogether absent—or the State was unfairly given " 'two bites at the apple' when the statute allows only one bite." *Severe*, 307 S.W.3d at 645.

Here, however, Johnson does not argue that any of the necessary preconditions were altogether absent or that the State was unfairly given more than one opportunity to carry its burden of proof. Rather, Johnson argues he was prejudiced because the circuit court's findings were not made prior to submission to the jury and *Alleyne* required submission to the jury for determination. Johnson is incorrect.

In *Teer*, this Court held the defendant was prejudiced by the circuit court's failure to follow § 558.021.2 by finding the defendant to be a status offender after the jury had already recommended a sentence. 275 S.W.3d at 260. Although the circuit court also erred in allowing the State to untimely charge the defendant as a status offender and untimely offer its evidence, the principal opinion focused on the timing

of the circuit court's findings in determining prejudice:

> The jury determined that a maximum sentence of four years of incarceration in the county jail was an appropriate sentence while the circuit court sentenced Teer to a total of 20 years imprisonment in the Missouri Department of Corrections. **The failure to follow section 558.021.2 resulted in Teer being subjected to a much longer sentence than that recommended by a jury of his peers.**

*Id.* at 262 (emphasis added).[9]

Unlike *Teer*, the circuit court's untimely findings in this case did not remove Johnson's right to jury sentencing and did not deprive Johnson of the benefit of a more lenient jury-recommended sentence. Further, Johnson waived jury sentencing prior to trial and did not reacquire his right to jury sentencing simply because the circuit court failed to find he was a predatory sexual offender prior to submission of the case. Finally in its written findings, the circuit court independently found the predicate facts, without reference to or reliance on the jury's verdicts.

Ultimately, Johnson received the same sentence he would have received if the circuit court had not initially believed, mistakenly, that § 558.018.5(3) did not apply to charged acts. Johnson has established only that his sentence did not reflect the circuit court's initial mistake in law because the circuit court realized its mistaken reading of the statute and corrected its mistake prior to sentencing Johnson. Though the circuit court's correction was untimely, and thus error, it did not deprive Johnson of any possible benefits of jury sentencing, did not allow the State an unfair advantage, and did not lack foundational support in the State's charging or evidence. The appellate decisions relied upon by Johnson are inapposite, and Johnson has shown no specific reason that, considering the facts and circumstances unique to his case, the circuit court's error resulted in manifest injustice. Accordingly, Johnson has failed to carry his burden on plain error review. *See Baxter*, 204 S.W.3d at 652; *Winfield*, 5 S.W.3d at 516.

### Conclusion

The circuit court's judgment is affirmed.

Wilson, Russell, and Powell, JJ., concur;

Breckenridge, J., concurs in separate opinion filed;

Stith, J., dissents in separate opinion filed;

Draper, J., concurs in opinion of Stith, J.

Patricia Breckenridge, judge, concurring.

I concur in the principal opinion's finding that section 558.018.5(3)[1] applies to currently charged acts and is facially constitutional. Nevertheless, I write separately because I disagree with the principal opinion's analysis of Mr. Johnson's claims that the statute is facially unconstitutional and unconstitutional as applied under the facts and circumstances of this case.

---

9. In contrast, the separate opinion concurring in the result in *Teer* focused on the fact that, after the case had already been submitted to the jury, the circuit court allowed the State to amend its information to charge the defendant as a status offender and then offer evidence to establish such. *Id.* at 263.(Fischer, J., concurring in result) ("The prejudice to the defendant in this case is that the rules of the game were changed after the game was over.... [H]ad he known there would not be jury sentencing, he would have employed a different trial strategy.").

1. All statutory citations are to RSMo Supp. 2013.

A statute is facially constitutional unless there is "no set of circumstances . . . under which the statute may be constitutionally applied." *State v. Jeffrey*, 400 S.W.3d 303, 308 (Mo. banc 2013). Section 558.018.5 provides three ways a defendant can be deemed a "predatory sexual offender." Subdivision (3) of section 558.018.5, the subparagraph at issue in Mr. Johnson's case, defines a "predatory sexual offender" as a person who "[h]as committed an act or acts against more than one victim which would constitute an offense or offenses listed in [section 558.018.4],[2] whether or not the defendant was charged with an additional offense or offenses as a result of such act or acts."

As reasoned by the principal opinion, section 558.018.5(3) applies to an act or acts listed in subsection 4 committed against more than one victim, charged or not, that is or are the basis for the current charges. But such language can also encompass prior acts, including prior offenses against more than one victim for which the defendant has been convicted. Prior convictions are not facts that must be submitted to the jury for purposes of sentencing enhancement. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Therefore, section 558.018.5(3)'s statutory scheme may be constitutionally applied when prior convictions involving multiple victims are used to establish the defendant's status as a predatory sexual offender. It follows that, because section 558.018.5(3) can be constitutionally applied under such circumstances, the statute is facially constitutional.

The principal opinion, however, reasons section 558.018.5(3) is facially constitutional because, when based on current charges, the fact there was more than one victim "will necessarily also be submitted to the jury for determination." That the issue of whether there was more than one victim could be and was, in this case, ultimately submitted to the jury does not render constitutional the procedure for establishing predatory sexual offender status pursuant to section 558.018.5(3).

Section 558.021.2 requires the circuit court to make the predatory sexual offender finding "prior to submission to the jury." If a defendant is found to be a predatory sexual offender and is found guilty of committing one of the predicate crimes, the circuit court must enter an enhanced sentence of life imprisonment with the possibility of parole. Section 558.018.6. It follows that sections 558.018 and 558.021 require the circuit court to make findings regarding offenses addressed by subdivision (3) that would increase a defendant's mandatory minimum sentence prior to submission of the case to the jury. Such procedure violates the Sixth Amendment of the United States Constitution, as found by the Supreme Court in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

In *Alleyne*, the Supreme Court explained that, pursuant to the Sixth Amendment's right to a jury trial, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reason-

---

**2.** Section 558.018.4 provides:

The court shall sentence a person to an extended term of imprisonment as provided for in this section if it finds the defendant is a predatory sexual offender and has been found guilty of committing or attempting to commit any of the offenses listed in subsection 1 of this section or committing child molestation in the first degree when classi-

fied as a class B felony or sexual abuse when classified as a class B felony to an extended term of imprisonment as provided for in this section if it finds defendant is a predatory sexual offender.

Section 558.018.4, therefore, encompasses all offenses listed in subsection 1 as well as child molestation and child abuse when classified as class B felonies.

able doubt." *Id.* at 2155. It then reasoned that "[m]andatory minimum sentences increase the penalty for a crime"; therefore, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

Because the fact there was "an act or acts against more than one victim" increases the mandatory minimum under section 558.018.5(3), that fact must be submitted to the jury. But section 558.018 requires this finding be made by the circuit court prior to submitting the case to the jury. Consequently, any finding by the circuit court that the defendant is a predatory sexual offender pursuant to section 558.018.5(3) violates the defendant's Sixth Amendment right to a jury trial by requiring such findings to be made by the judge rather than the jury.

The principal opinion attempts to circumvent this problem by finding that whether there was more than one victim is a fact that will necessarily be submitted to the jury. But the plain language of section 558.018.2 requires the finding of predatory sexual offender status pursuant to subsection 5 be made by the trial court prior to the case being submitted to the jury. That the jury may later find the defendant guilty of committing the same acts the circuit court found prior to submission may be relevant to whether the defendant was prejudiced, but it does not render the statute constitutional.

Moreover, a person can be found to be a predatory sexual offender for "an act or acts [committed] against more than one victim ... whether or not the defendant was charged with an additional offense or offenses as a result of such act or acts." Section 558.018.5(3). Such language allows the circuit court to find the defendant committed an act or acts involving more than one victim that may not be a charged offense. The statement, therefore, allows the circuit court to find a defendant committed offenses against multiple victims the jury does not subsequently find the defendant guilty of committing.

The principal opinion further excuses the circuit court's disregard for the statutory procedure mandated by section 558.021.2. This principal opinion's unprecedented blessing of the circuit court's violation of a statutory mandate will only invite and encourage courts to violate the procedural mandates of this and other statutes to correct perceived errors in legislative enactments. It is not the place of the courts to rewrite legislation to correct errors made by the legislature. *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 327 (Mo. banc 2016).

I, therefore, would find section 558.018.5(3) unconstitutional as applied when it is used to classify a defendant as a predatory sexual offender based on acts committed against multiple victims for which the defendant has not been previously convicted, as occurred in this case. Nevertheless, under the facts and circumstances of this case, I would conclude that the *Alleyne* violation does not require reversal of Mr. Johnson's convictions.

As the Supreme Court has recognized, "the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal." *Washington v. Recuenco*, 548 U.S. 212, 218, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). Rather, "most constitutional errors can be harmless." *Id.* (internal quotation omitted). In fact, the Supreme Court has held "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error" and, therefore, is subject to harmless-error review. *Id.* at 222, 126 S.Ct. 2546. Likewise, the federal circuit courts addressing the issue have concluded "*Alleyne* did not recognize or create a structural error requiring per se reversal" and have reviewed such matters

for harmless error. *United States v. McCray*, 563 Fed.Appx. 705, 709 (11th Cir. 2014); *see also United States v. Mann*, 786 F.3d 1244, 1251-52 (10th Cir. 2015); *United States v. Lewis*, 802 F.3d 449, 454 (3d Cir. 2015); *United States v. Pizarro*, 772 F.3d 284, 297-98 (1st Cir. 2014); *United States v. Carr*, 761 F.3d 1068, 1082 (9th Cir. 2014); *United States v. Long*, 748 F.3d 322, 329 (7th Cir. 2014); *United States v. Mack*, 729 F.3d 594, 608 (6th Cir. 2013); *United States v. Lara-Ruiz*, 721 F.3d 554, 557-58 (8th Cir. 2013); *United States v. Baylor*, 537 Fed.Appx. 149, 164 (4th Cir. 2013). *Alleyne* violations, therefore, do not require automatic reversal if such errors prove to be harmless.

But as the principal opinion explains, Mr. Johnson failed to preserve his challenge to the constitutional validity of section 558.018.5(3) by failing to raise it before the trial court. *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015). Accordingly, this Court's review is limited to plain error. *Id.* "Plain error is found when the alleged error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice occurred." *Id.* (internal quotation omitted).

Here, Mr. Johnson cannot establish manifest injustice or a miscarriage of justice resulted from the *Alleyne* violation. The jury found, beyond a reasonable doubt, Mr. Johnson committed the offenses of statutory rape in the first degree and statutory sodomy in the first degree against D.P. The jury also found, beyond a reasonable doubt Mr. Johnson committed the offenses of statutory rape in the first degree and statutory sodomy in the first degree against R.J. The jury, therefore, determined, beyond a reasonable doubt, Mr. Johnson committed acts against more than one victim that constitute offenses referenced in section 558.018.4. It follows that, despite the constitutionally defective

procedures set out under section 558.018.5(3), the facts that increased Mr. Johnson's mandatory minimum sentence— that he committed acts against more than one victim—were submitted to and found by the jury. Accordingly, I would conclude no plain error occurred in this case and would affirm Mr. Johnson's convictions.

Laura Denvir Stith, Judge, dissenting.

I dissent. The trial judge was not authorized to ignore the procedural requirements of sections 558.018 and 558.021,[1] and he plainly erred by doing so. Had the trial judge adhered to these procedural requirements, he would not have been able to enhance the defendant's sentence because to do so would have violated the defendant's Sixth Amendment rights. In holding otherwise, the majority has done more than merely "interpret" the statute in a constitutional manner; it has added nonexistent provisions and ignored explicit statutory requirements. While the legislature could and should change the statute to make it comport with the Sixth Amendment, courts do not have authority to engage in what this Court previously has criticized as "a judicial emasculation of the legislative direction" by simply substituting its own statutory provision for that adopted by the legislature. *State v. Teer*, 275 S.W.3d 258, 262 (Mo. banc 2009).

Further, the majority opinion errs in holding that subdivision 558.018.5(3) unambiguously permits a trial judge to base the predatory sexual offender determination on the very charges being tried in the case before the trial judge. That is not what the statute provides, and such a reading is not consistent with either the purpose or the language of the statute. Further, permitting the trial judge to base the determination on facts found by the trial judge rath-

---

1. Statutory citations are to RSMo 2013 unless otherwise stated.

er than the jury contravenes the Sixth Amendment.

For these reasons, Mr. Johnson's sentence should be vacated.

## I. THE FAILURE TO FOLLOW THE PROCEDURES REQUIRED BY SECTIONS 558.018 AND 558.021 PRECLUDES A PREDATORY SEXUAL OFFENDER FINDING

Mr. Johnson's sentence must be vacated because the trial judge committed plain error and violated section 558.021.2, which provides "the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing." None of these mandatory requirements were complied with in this case. While section 558.021.2 requires the State to present any evidence outside the jury's hearing, the State did not. While section 558.021.2 requires the trial judge to make the evidentiary findings prior to submission, he did not. While the trial judge's predatory sexual offender finding must be based on the evidence presented outside the jury's presence, it was not. While the trial judge's finding is not permitted to be based on the evidence presented to the jury, it was.

Indeed, the trial judge turned the statute on its head; he required no facts to be separately established outside the jury's hearing, made the evidentiary findings after rather than before submission, and specifically stated his determination was "based on the evidence that was presented at trial, the testimony that was presented by the three victims and, of course, by the verdicts that were returned by the jury in this number of counts." In short, the trial judge held that if the evidence at trial was good enough for the jury to find Mr. Johnson guilty, it was good enough for the trial judge to find him a predatory sexual offender under section 558.018, even if the trial judge had to violate the procedures mandated by the statute to do so. Our legislature's requirements cannot and should not be so easily disregarded.

While the majority holds the failure to comply with these statutory procedural requirements was just a minor and nonprejudicial variation from the required procedure and certainly does not amount to plain error, it is wrong. Even when objection is not timely made, to ensure accuracy in the outcome of the trial, "appellate courts have the discretion to nonetheless review for plain error if manifest injustice would otherwise result." *Deck v. State*, 68 S.W.3d 418, 427-28 (Mo. banc 2002); *see Rule 30.20*. Plain error is found "if the error was outcome determinative." *Id.* at 427. "Manifest injustice is dependent upon the facts and circumstances of the particular case." *State v. Zindel*, 918 S.W.2d 239, 241 (Mo. banc 1996).

The majority concedes the trial judge's failure to comply with the procedural requirements of section 558.021.2 was "evident, obvious, and clear." *Op. at 513.* But the majority is wrong in refusing to recognize the manifest injustice that resulted from this error. *Id. at 515.* Because Mr. Johnson was found to be a predatory sexual offender, he was sentenced to life in prison with his first parole eligibility at 25 years. *See § 558.018.6.* ("A person found to be a predatory sexual offender shall be imprisoned for life with eligibility for parole ...."). Of course, that parole could be denied.

By contrast, without the predatory sexual offender finding, Mr. Johnson would have been entitled to unconditional release after serving 25 years even if he received the maximum sentence. *§§ 558.011, 558.018.6.* "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010). This principle applies when a trial judge

fails to comply with the procedural requirements of section 558.021.2 when designating a defendant as a status offender warranting a greater sentence. *See State v. Collins, 328 S.W.3d 705, 709-10 (Mo. banc 2011); Severe, 307 S.W.3d at 644-45; Teer, 275 S.W.3d at 260-62; State v. Emery, 95 S.W.3d 98, 101-02 (Mo. banc 2003).*

Here, it was the trial judge's violation of section 558.021.2 that allowed him to designate Mr. Johnson as a predatory sexual offender and enhance his sentence. Under section 558.021.2, the State was permitted to present its evidence prior to submission to the jury, and it was then the trial judge was required to make a finding. In a conference among the trial judge and counsel prior to submission to the jury, the State asked the trial judge to designate Mr. Johnson as a predatory sexual offender, and the trial judge determined subdivision 558.018.5(3) did not apply to Mr. Johnson. At that point, the trial judge had heard the evidence presented at trial and the testimony presented by the three victims, which he determined was not enough to find Mr. Johnson was a predatory sexual offender.

Yet, after the jury returned its verdicts, the State asked the trial judge to reconsider applying subdivision 558.018.5(3), and the trial judge stated he had "changed his mind" and found Mr. Johnson was a predatory sexual offender. He stated his determination was "based on the evidence that was presented at trial, the testimony that was presented by the three victims and, of course, by the verdicts that were returned by the jury in this number of counts."

Section 558.021.2 makes clear the trial judge's predatory sexual offender determination must be based on evidence presented outside the jury's presence and the legislature's inclusion of that requirement is purposeful. The word "shall" makes the procedure mandatory, not discretionary. *Teer, 275 S.W.3d at 261.* Why require the determination to be made outside the jury's presence based on evidence presented to the trial judge when the trial judge has just heard all of the evidence presented to the jury? Because the predatory sexual offender determination is to be based on evidence other than that being submitted to the jury.

Additionally, the statute sets out only a single exceptional circumstance in which the trial judge is permitted to make the determination *after* submission based on the evidence at trial. This exception is *not* when the trial judge is deciding whether the defendant is a predatory sexual offender under subdivision 558.018.5(3), the situation presented in this case. Rather, the exception applies only to prove a defendant is a "dangerous offender" under subdivision 558.016.4(1); the statute provides only that issue "may be established by judicial notice of prior testimony or before the jury." *§ 558.021.2.*

As this Court long has recognized, "the express mention of one thing implies the exclusion of another." *Yellow Freight Sys. v. Mayor's Comm'n on Human Rights of City of Springfield, 791 S.W.2d 382, 387 (Mo. banc 1990).* Had the legislature intended to allow the trial judge to simply base the determination on the evidence presented at trial, it would have included subdivision 558.018.5(3) in the exception set out in section 558.021.2. It did not. The predatory sexual offender determination cannot be based on the evidence presented to the jury on the current charges.

As this Court stated in *Teer,* "[i]f the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm [citation omitted]." *275 S.W.3d at 262* (holding the trial judge's violation of section 558.021.2 required reversal of the defendant's sen-

tence). The majority opinion constitutes just such a judicial emasculation of the legislative directive. It does so first by allowing the trial judge to reshape the statutory requirements of sections 558.018 and 558.021 so they fit Mr. Johnson's case, even though by doing so, the trial judge improperly exercised legislative powers delegated exclusively to the legislature by article II, section 1 of the Missouri Constitution. *See also Severe*, 307 *S.W.3d* at 645. "Fixing of the punishment for crime is a legislative and not a judicial function." *State v. Hart*, 404 *S.W.3d* 232, 246 (Mo. banc 2013) (citation omitted). If a statutory penalty cannot be applied to the facts of the case without violating the constitution, "the statute is void" with respect to the particular case. *Id.*

Further, as this Court held in *Severe*, 307 *S.W.3d* at 645, the State is not permitted " 'two bites at the apple' when the statute allows only one bite," and this "Court cannot make an exception to the statutory requirement." Under section 558.021.2, the State was not permitted to again ask the trial judge to consider applying subdivision 558.018.5(3) after the jury had returned its verdicts, and the trial judge was not permitted to consider the jury verdicts as a basis for his determination that Mr. Johnson was a predatory sexual offender. Such verdicts could only exist *after* the case had been submitted to the jury and could not have been presented by the State prior to submission and outside the jury's presence. The statute does not allow the State to present new evidence after submission, and this Court cannot create an exception to that statutory requirement allowing the trial judge to make the finding based on jury verdicts. Mr. Johnson was improperly sentenced to a term greater than what he could have received had the trial judge not violated section 558.021.2, and that violation resulted in a manifest injustice. *See Severe*, 307 *S.W.3d* at 642, 644-45.

Allowing the trial judge to designate Mr. Johnson as a predatory sexual offender also violated his Sixth Amendment rights. As the majority recognizes, *Alleyne v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 2151, 2161, 186 L.Ed.2d 314 (2013), held that under the Sixth Amendment, "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. This includes any fact increasing the mandatory minimum of a sentence. *Id.* The Supreme Court reasoned: "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at 2162. Just last year, the Supreme Court applied these principles and refused a state's argument that because a similar state statute made "the additional requirement that a judge *also* find an aggravator" it "only provide[d] the defendant additional protection." *Hurst v. Florida*, ⸺ U.S. ⸺, 136 S.Ct. 616, 622, 193 L.Ed.2d 504 (2016). *Hurst* held the state statute, which required "findings *by the court* that such person shall be punished by death," was unconstitutional even though the jury also made the findings allowing the trial judge to enhance the sentence. *Id.*, citing, *Fla. Stat. § 775.082(1)*. This was because the statute "allow[ed] a sentencing judge to find an aggravating circumstance, independent of a jury's factfinding, that [was] necessary for imposition of the death penalty." *Id.* at 624.

Applying these principles here, the trial judge's violation of section 558.021.2 was determinative of Mr. Johnson being sentenced as a predatory sexual offender. Section 558.021.2 expressly requires the trial judge in a jury trial to base its finding that the defendant is a predatory sexual offender on facts "pleaded, established and found prior to submission to the jury outside of

its hearing." Had the trial judge followed these procedural requirements and determined subdivision 558.018.5(3) applied, he could not have enhanced Mr. Johnson's sentence because under the requirements of these statutes, it is the trial judge alone that makes the factual finding necessary to enhance a defendant's sentence and before submission of the case to the jury. This violates the Sixth Amendment because it unequivocally would permit what *Alleyne* prohibits—using a trial judge's findings to increase the mandatory minimum.

The majority opinion relies on its assertion that "[r]equiring a trial court to also find the necessary facts is a layer of protection above and beyond that required by *Alleyne*."[2] This may be true, but the statute cannot require the trial judge to make that finding alone and independent of the jury. Missouri's legislature did not have the benefit of the Supreme Court's decision in *Alleyne* when it adopted these provisions, but as the parties recognize, the two are incompatible to the extent the statute permits an enhancement to be based on offenses the defendant is found by the trial judge to have committed beyond a reasonable doubt but of which defendant has not been convicted by the jury.[3]

The constitutional concerns raised by these statutory provisions, in light of *Alleyne*, are self-evident. The majority's solution would be to allow the trial judge to ignore section 558.021.2 and permit his findings to be made after the verdict, rather than before the verdict, and based on the jury's findings even though the statute

on its face requires the findings to be those of the judge. The majority's claim to the contrary notwithstanding, this is not simply a case of applying the adage that "[i]f a statutory provision can be interpreted in two ways, one constitutional and the other not constitutional, the constitutional construction shall be adopted." *State v. Mixon,* 391 S.W.3d 881, 883 (Mo. banc 2012) (citations omitted). Rather, the majority is rewriting the statute by adding provisions contrary to the very requirements of the statute itself. Such judicial rewriting of the statute is itself unconstitutional as a violation of the separation of powers doctrine. *Hart,* 404 S.W.3d at 246-47.

Prejudice exists under the plain error rule where the error complained of impacts the rights of a defendant so substantially that a manifest injustice or a miscarriage of justice will result if the error is not corrected. *State v. Baumruk,* 280 S.W.3d 600, 616 (Mo. banc 2009). Had the trial judge properly followed the procedure required by section 558.021.2, he could not have found subdivision 558.018.5(3) applied to Mr. Johnson. For the reasons noted, properly following the procedure required by section 558.021.2 would be unconstitutional. *See City of Charleston ex rel. Brady v. McCutcheon,* 360 Mo. 157, 227 S.W.2d 736, 739 (Mo. banc 1950). Accordingly, the trial judge's failure to follow section 558.021.2 was determinative of whether Mr. Johnson was or was not a predatory sexual offender and amounted to plain error.

**2.** *See Hurst, 136 S.Ct. at 622* (finding the argument that the statute "only provides the defendant additional protection" unpersuasive).

**3.** For example, subdivision 558.018.5(3) permits the mandatory minimum sentence for a crime to be enhanced if the defendant "[h]as committed an act or acts against more than one victim *which would constitute an offense*

or offenses listed in subsection 4 of this section, *whether or not the defendant was charged with an additional offense* or offenses as a result of such act or acts." *Id.* (emphasis added). This is what *Alleyne* prohibits. The defendant has a right to have a jury determine any fact that increases the defendant's maximum or minimum punishment. *Alleyne, 133 S.Ct.* at 2155.

## II. SECTION 558.018.5 DOES NOT PERMIT CURRENT CHARGES AS THE BASIS OF THE PREDATORY SEXUAL OFFENDER DESIGNATION

Even were the majority permitted to rewrite the statute's procedural provisions and allow the predatory offender determination to be made after trial and based on the jury's verdict—something expressly prohibited—reversal would be required because the statute does not authorize use of the present charges as a basis to make the predatory offender determination. Yet that is what the trial judge admittedly did. The State bases its argument on the fact that, unlike subdivisions (1) and (2) of section 558.018.5, subdivision (3) does not use the term "previously" in providing what charges can form the basis of a predatory sexual offender finding under that section. It follows, the State argues, that if the State is not limited to previous conduct, then this means it can base the predatory sexual offender determination on the very charges being submitted to the jury.

The "then" of the State's reasoning, however, does not follow from its premise. In effect, the State is arguing subdivision (3) of section 558.018.5 provides that an act can form the basis of finding a defendant a predatory sexual offender whether or not defendant was charged with committing that act or acts in the current charges. But that is not what the subdivision provides. To the contrary, it provides the predator determination is to be based on *"whether or not the defendant was charged with an additional offense or offenses* as a result of such act or acts." § *558.018.5(3)* (emphasis added). This begs the question—an offense additional to what? The language "whether or not the defendant was charged with an additional offense" only can mean additional to the currently charged offense or offenses. In other words, the purpose of the statute is to allow the trial judge to consider conduct *in addition* to that charged in the current case, whether or not that additional conduct itself resulted in other charges. But the actual offenses charged cannot be "additional" to themselves, and so they, or evidence supporting them, cannot form the basis of the enhancement.

Interpreting subdivision 558.018.5(3) as applying only to additional charged and uncharged conduct, whenever committed, that the trial judge prior to submission finds to have occurred beyond a reasonable doubt is the only interpretation true to the subdivision's statutory purpose. As the majority correctly notes, "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.,* 278 S.W.3d 670, 672 (Mo. banc 2009); Op. at 510.

Subdivision 558.018.5(3), in conjunction with subdivision 558.018.5(2), attempts to increase the minimum punishment for those defendants who are repeatedly bad actors, even if they have not come to trial or been charged for all of their bad acts. Though such an approach has serious constitutional flaws in light of *Alleyne,* the legislature could not have been aware of these issues at the time of the section's enactment.

The majority's interpretation is equally incompatible with the legislature's evident purpose in enacting the predatory sexual offender provisions. The majority's holding means the enhanced mandatory minimum applies in every case with more than one victim, as it requires the trial judge to determine prior to submission whether the evidence shows beyond a reasonable doubt the defendant committed a listed act against more than one victim. If the trial judge did not so find, the trial judge would not find the defendant to be a predatory sexual offender and would have to refuse

to submit the charges at all and instead enter a judgment of acquittal on them. This is because the defendant could not be convicted of an act based on evidence insufficient to support such a finding. If the trial judge did find the defendant had committed the charged acts beyond a reasonable doubt, then the charges would be submitted to the jury. For each charge submitted, the defendant would either be acquitted and so subject to no sentence or be convicted and automatically subject to the enhanced mandatory minimum.

The one thing that will *never* happen is for the defendant to receive the sentence actually prescribed by the statute based on the jury's verdict. This cannot be what the legislature intended. Had the legislature wanted every offender who commits charged crimes against multiple victims and against whom a submissible case was made automatically to receive an enhanced mandatory minimum, it would have so provided. It did not. It provided a minimum 10-year sentence unless the trial judge found "additional" acts occurred beyond a reasonable doubt; only then would the offender have to receive at least the enhanced mandatory minimum sentence. This requirement of "additional" acts would be nonsensical if every offender would be subject to subdivision (3)'s enhanced penalty based on the already submitted acts.

## III. CONCLUSION

For the foregoing reasons, I would vacate the trial judge's determination that Mr. Johnson was a predatory sexual offender and remand for resentencing.