

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Respondent, )
) No. SD37085
    vs. )
) **Filed: May 23, 2022**
JULIUS D. PARHAM, )
)
    Appellant. )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Officers on patrol on Washington Street in East Prairie, Missouri, at 2:40 a.m. on May 18, 2019, noticed two men riding bicycles on the street without headlights.[1] The officers drove up in their patrol vehicle to the bicyclists but did not activate flashing lights or sirens and did not instruct the riders to stop. One bicyclist voluntarily stopped and

---

[1] Section 307.185 prescribes the lighting requirements for a bicycle used on a street or highway from one-half hour after sunset to one-half hour before sunrise. We can take judicial notice of the time of sunrise in East Prairie, Missouri, on that date. *See **Larrea v. Ozark Water Ski Thrill Show, Inc.**,* 562 S.W.2d 790, 792 (Mo. App. 1978). Sunrise occurred at approximately 5:46 a.m. *Sunrise and sunset times calendar for East Prairie, Missouri, on May 18, 2019*, http://sunrise-sunset.org (last visited May 20, 2022). All statutory references are to the Revised Statutes of Missouri as updated through 2018.

talked to the deputies; the other bicyclist, Julius Parham, rode away at a fast pace. The bicyclist who stopped was instructed to get a light for his bicycle.

The officers then took off after Parham, activating their flashing red and blue lights and yelling for him to stop. Parham crashed the bicycle. In his backpack, officers found a clear plastic baggie containing methamphetamine residue.

Parham eventually was charged with the class D felony of possession of methamphetamine (§ 579.015), the class D misdemeanor of unlawful possession of drug paraphernalia (§ 579.074), and the class A misdemeanor of resisting arrest (§ 575.150). The jury acquitted Parham of the drug paraphernalia charge but found him guilty of methamphetamine possession and resisting arrest.

Parham claims the court abused its discretion when it permitted the state to instruct the venire panel on the law during *voir dire*. Parham did not object, therefore his claim of error has not been preserved for review. *State v. Edwards*, 116 S.W.3d 511, 536 (Mo. banc 2003). "Counsel nonetheless asks this Court to review his claims for plain error under Rule 30.20, claiming that the comments were so egregious that the trial court erred in not *sua sponte* declaring a mistrial." *Id.*

"'[A] liberal latitude is allowed in the examination of jurors, as long as the scope of voir dire remains commensurate with its purpose to discover bias or prejudice in order to select a fair and impartial jury.'" *State v. Fields*, 624 S.W.3d 414, 418 (Mo.App. 2021) (quoting *State v. Ousley*, 419 S.W.3d 65, 73 (Mo. banc 2013)).

> During *voir dire,* especially, it is important to make objections, because the court may take corrective action by giving a cautionary instruction or, in an aggravated case, by excusing the panel and calling for a new one, with minimal waste. By failing to object counsel deprives the trial judge of the opportunity to correct any deficiencies or misapprehensions.

***State v. Darden***, 843 S.W.2d 376, 377 (Mo.App. 1992).

When no objection was made, as here, we will not reverse the judgment unless we believe the comment affected the outcome of the trial. ***Edwards***, 116 S.W.3d at 537.

> To be entitled to relief under the plain error rule, an appellant must go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights. In other words, the appellant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected.

***State v. Johnson***, 524 S.W.3d 505, 513 (Mo. banc 2017) (internal quotation marks and citations omitted). "'Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice.'" ***Fields***, 624 S.W.3d at 418 (quoting ***Johnson***, 524 S.W.3d at 513).

Parham does not claim the state misstated the law, misdirected the jury, enflamed the passions of the jury, or that the state's *voir dire* otherwise had an outcome-determinative effect on the verdict. Parham simply argues, "Since the trial court took no action to stop the state, the venire members would be justified in looking to the state as the expert on the law and assuming that what the prosecutor argued must be accurate." This is nothing more than a speculative, *post hoc* conclusion. Had the jury been as enraptured with the state's *voir dire* statements as Parham now claims, the jury would not have acquitted Parham of possession of drug paraphernalia. Moreover, defense counsel twice referenced the state's *voir dire* statements about the law, each time characterizing the statements in diminutive terms: "So [the state] talked to you **a little bit** about burden [of proof]. . . . [The state] went over the elements **a little bit** with you and the Judge will include that in the jury instructions." (Emphasis added).

Parham has not demonstrated a manifest injustice or miscarriage of justice necessary for plain error relief. We decline plain error review and deny Point I.

Parham next asserts his resisting arrest conviction is not supported by substantial evidence because the officers testified they had no intention of arresting Parham for the bicycle light violation as he rode away. The state concedes the evidence was insufficient to support a conviction for resisting arrest. We agree, but for a slightly different reason than Parham asserts.

"'An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *State v. Knox*, 604 S.W.3d 316, 319 (Mo. banc 2020) (quoting *State v. Porter*, 439 S.W.3d 208, 211 (Mo. banc 2014)). We must accept as true all evidence and inferences favorable to the state and reject all evidence contrary to the state's verdict. *Knox*, 604 S.W.3d at 319-20. In other words, on Point II our appellate review is constrained to answering the following question: In light of the evidence most favorable to the state, could any rational fact-finder have found the essential elements of the crime beyond a reasonable doubt? *Id.* at 320.

To find Parham guilty as it did, the verdict director required the jury to find beyond a reasonable doubt that the officer was arresting Parham for failure to have a lighted headlamp on his bicycle, that Parham reasonably should have known the officer was making an arrest, and that Parham fled from the officer to prevent the arrest. *See* § 575.150.1. The state typically presents evidence of an arresting officer's subjective state of mind for initiating an arrest, but it is not required to do so to make a *prima facie* case

for resisting arrest. ***State v. Shaw***, 592 S.W.3d 354, 360-61 and fn.11 (Mo. banc 2019) (discussing a prior version of § 575.150.5). Unlike ***Shaw***, in which there was no evidence of the arresting officer's subjective state of mind, here Parham points to testimony that the officers did not subjectively intend to arrest Parham as he initially rode away on his bicycle. Parham seems to assert that because of this testimony alone, there was not sufficient evidence in the record to support the conviction. Parham overlooks the fundamental principles cited in the preceding paragraph. Because the officers' testimony that they did not intend to arrest Parham was contrary to the verdict, we are required to reject it. ***Knox***, 604 S.W. 3d at 319-20. Since we are not permitted to consider that testimony, it follows that the testimony may not be the basis of our decision. However, that does not end our analysis.

As one might expect when the officers did not subjectively intend to make an arrest, there was no evidence of communication or manifestation of an attempt to arrest as Parham initially rode away from the officers. There simply was no evidence from which a reasonable juror could have concluded that the officers were arresting or attempting to arrest Parham or that Parham should have known the officers were attempting to arrest him when they drove near him without lights, sirens, or a verbal command to stop. Even when viewed in the light most favorable to the verdict, as we must, the state's evidence was insufficient to support resisting arrest as charged. Point II is granted.[2]

---

[2] Defendant asks us to give him credit toward his methamphetamine possession sentence for time served while awaiting trial. The judgment already indicates credit is to be given for time served prior to sentencing. No ambiguity or error exists on the face of the judgment for us to correct regarding the now-reversed resisting arrest conviction, for which Parham had been sentenced only to pay a fine, not to serve a term of imprisonment. Disagreement, if any, over how the Department of Corrections will credit time served is not before us and is not ripe for adjudication.

We reverse Parham's conviction for the class A misdemeanor of resisting arrest and affirm the judgment in all other respects.  We remand for entry of an amended judgment consistent with this opinion.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS